# Smiley *v.* Hooper, *et al.*

## Trover.

(Decided June 7th, 1906.  41 So. Rep. 660.)

1. *Witnesses; Cross Examination; Discretion of Trial Court.*—It was largely within the discretion of the trial court as to what latitude it would allow upon cross examination, to test the knowledge, accuracy of memory, and truthfulness, and as controverting the facts deposed to by a witness, who on his direct examination, testified that he had purchased the wood, alleged to have been converted, for the plaintiff as his agent.

2. *Evidence; Relevancy; Matters Explanatory of Facts in Evidence.* —The defendants having raised the issue as to whether plaintiff bought the wood, alleged to have been converted, for himself, or as agent for a certain Iron Co., it was competent for plaintiff to show that when he settled with the Iron Co., no credit was allowed him for wood not delivered, as showing the nature of the transactions between plaintiff and the Iron Co.

3. *Same; Hearsay.*—It was incompetent to show by witness declarations alleged to have been made by the superintendent of a certain company that S. in purchasing certain wood, was acting for the corporation, although plaintiff introduced evidence tending to show that S. purchased the wood, alleged to have been converted, as agent for plaintiff.

4. *Execution; Wrongful Levy; Action; Evidence.*—The issue being whether the wood, which was levied on under execution against another, was the property of the plaintiff, it appearing that the wood had been purchased by S. whom plaintiff insisted, was his agent, evidence as to contracts made by S. with other persons, and the marks placed by S. on wood bought for other parties, was admissible.

5. *Same; Defenses.*—In an action against the sheriff and another for the wrongful conversion of certain wood, by levy and sale under execution against another than plaintiff, proof that plaintiff purchased the wood as the agent of another will defeat recovery, if believed.

6. *Same; Instructions.*—An instruction asserting that unless the jury believed from the evidence that the legal title to the wood was in plaintiff, he could not recover, was correct, in an action for trover.

7. *Principal and Agent; Existence of Relation; Evidence; Declarations of Agent.*—The existence of the relation of principal and agent is not shown by the mere declaration of the agent.

8. *Trial; Instructions; Sufficiency of Evidence.*—It being sufficient, in a civil case, if the evidence reasonably satisfies the jury of the truth of the allegations, a charge requiring that they be convinced with "reasonable certainty by credible testimony" is erroneous, as requiring a too high degree of proof.

9. *Sales; Right to Sell; Seller's Title.*—Where one cut wood under a contract with a corporation, under which the wood did not become the property of the corporation until delivered at a certain place, a sale but such one to another before shipping the wood to that certain place, passed title to the wood to the purchaser.

APPEAL from Marshall Circuit Court.

Heard before HON. W. W. HARALSON.

This was an action against Hooper and the sheriff brought by plaintiff for the conversion of certain wood alleged to be the property of the plaintiff. Hooper had a judgment against one Entrican, and procured execution to be issued on it which execution was levied upon certain wood as the property of Entrican. The wood was sold under said execution. The evidence tended to show that Stewart, as the agent of the plaintiff, had bought this wood from Entrican and other parties, and had paid them for the same, and it had been delivered before the levy of the execution. The court permitted the witness Malone to state, over the objection of the plaintiff, that in the fall of 1902 Entrician tried to employ him to haul some wood, and told him that he would have to wait for his pay, and that he had to ship his wood to Attalla in order to get pay for it, and that at that time Entrican had hauled some wood for the railroad. The witness Coleman was permitted to testify that he had a conversation with McClane about Stewart, and that McLane said that he was the agent of the Eagle Iron Company, and was buying wood for the Eagle Iron Company, along the line of the Nashville, Chattanooga & St. Louis Ry., and that McClane said that Stewart was authorized to buy wood and pay for it, and that he was authorized to make contracts for the company; also to

state that witness was in the employ of the Eagle Iron Company; also that Stewart said he was buying wood for the Eagle Iron Company when he made a contract for wood; also that witness and Stewart worked together; also that he had a contract with the Eagle Iron Company, made with Stewart, and that McClane said a contract made with Stewart for the Eagle Iron Company was good. Witness Bohanan was permitted to testify over the objection of the plaintiff that he had never heard McClane say that Stewart was representing Smiley. McCord was permitted to testify to practically the same state of facts as the witness Coleman.

The court, at the request of the defendant, gave the following written charges: "(1) Before there can be a recovery by the plaintiff, he must prove with reasonable certainty by credible testimony that the wood was his property. (2) The court charges the jury that, if the wood sued for was cut and put on the railroad by Entrican under the written contract made by him and McClane on October 5, 1902, then you must find for the defendants, and it would make no difference in that case, if it be a fact, that Smiley, or Stewart, or the Eagle Iron Company had paid to Entrican $1.50 per cord on the oak wood and $1.25 per cord on the pine wood. (3) The court charges the jury that if Stewart was the agent of the Eagle Iron Company, and bought the wood sued for as such, then you must find for the defendant. (4) Agency may be proven by circumstances, and, if the evidence reasonably convinces you that Stewart was the agent of the Eagle Iron Company in the purchase of the wood in question, then your verdict must be for the defendant. (5) The court charges the jury that, while an agent may purchase property for an undisclosed principal, yet if, when he makes the purchase, he represents that he is the agent of a certain person, then the law presumes that such contract is the contract of that person; and, if it is claimed that it is in fact the contract of some other person, the burden of proving this is on the party so claiming. (6) Unless you are reasonably satisfied from the

evidence that the legal title to the wood in question is in Smiley, you must find for the defendant."

JOHN A. LUSK, for appellant.—The following propositions of law and the authorities cited will sustain the contention of the appellant as to the several matters set out in the assignment of errors. Stewart's agency for the Eagle Iron Co. could not be proven by proving the declarations of McClane or himself, unless it was shown that they had either an express or an implied authority to make such declaration, or that it was a part of the *res gestae,* and about a matter in which he had authority to act.—Abbott's Trial Brief, p. 128; *Hirsch v. Oliver,* 91 Ga. 554; 4 Mayfield's Dig. 550, § 593; 3 Brickell Dig. 25, § 108; 4 Mayfield's Dig. 526, § 80; 1 Elliott's Ev. §§ 552, 451; 2 Greenleaf on Ev. (16 Ed.) § 63.

Statements of the agent subsequent to the transaction in question are not evidence against the principal. —4 Mayfield's Dig. 527, § 95; 3 Stewart, 18; 5 Mayfield's Dig. 777, § 24; 3 Brick. Dig. p. 423, §§ 248-251.

To render admissions or declarations of an alleged agent admissible as evidence against an alleged principal they must be contemporaneous with and explanatory of the acts and within the scope of the authority of the supposed agent and while in the execution of the act of agency forming the res gestae.—4 Mayfield's Dig. 527, § 92; also 549, § 572; 72 Ala. 112; 3 Brick. Dig. p. 25, § 108.

That the plaintiff or his agent did or omitted to do a certain thing with other and different parties than the defendants or the person through whom the defendants claim to derive title and right to the wood in question is not evidence that plaintiff or his agent did the same thing with the defendants' source of title.—1 Elliott on Ev. § 159; Abbott's Trial Brief, 281; 2 So. Rep. Dig. 1003, § 31; *Berzell v. Maas,* 116 Ala. 68.

STREET & ISBELL, for appellee.—It was without dispute that the property at one time belonged to Entrican. It was contended in the first instance by defendants that the title had never passed out of Entrican; that the

wood was gotten out by Entrican under a written contract between himself and one McLane, superintendent of "The Eagle Iron Co.," and which is set out in the record. It is clear that if this was the contract the title to the wood was still in Entrican.—*McFadden v. Henderson*, 128 Ala. 221; *Foley v. Felrath*, 98 Ala. 176; 24 Am. & Eng. Ency. Law (2nd Ed.) p. 1149; Benj. on Sales (Bennett's Ed.), p. 652.

It is claimed, however, by plaintiff that this written contract, was abandoned by Entrican, and that he made a new contract for the sale of the wood to one Stewart as agent for plaintiff. The defendants contended, if this written contract was rescinded, or modified it was by agreement with said Stewart, as agent of "The Eagle Iron Co." Whether Stewart was agent of plaintiff, or whether he was agent of "The Eagle Iron Co.," was one of the chief controversies at the trial. Upon this question much testimony was offered by defendants to which exceptions were reserved. It consisted largely of evidence of declarations made by both Stewart and the superintendent of the Eagle Iron Co., that Stewart was the agent of the said company, and of contracts made by Stewart in the company's name. These declarations and acts were made at the time of the transaction of the matters to which they related, and were therefore a part of the res gestae, and were admissible not only against the party making the declarations, but against the world. We submit that all the rulings of the court of this character are justified by the principles declared in the following authorities: 1 Am. & Eng. Ency. Law (2nd Ed.) p. 960, 965, 969; *Tenn. River Nav. Co. v. Kavanaugh*, 101 Ala. 1; *Reynolds v. Collins*, 78 Ala. 94; Abbott's Civil Trial Brief (2nd Ed.) p. 343; 1 Green. on Evidence, §§ 108-114.

SIMPSON, J.—This was an action of trover for the conversion of 200 cords of wood, brought by the appellant (as plaintiff) against the appellees (defendants), being the plaintiff in execution and the sheriff. The defendant pleaded justification; the supposed act of conversion being the levy on the wood under an execution

[Smiley v. Hooper, et al.]

against one Entrican. There are 29 exceptions to questions to the witness Stewart and to the overruling of motions to exclude the answers to the same. These were all asked by the defendant on cross-examination. The witness professed to have bought the wood for Smiley, the plaintiff, and the defendant was evidently trying to test the witness as to his accuracy, his recollection, or his truthfulness, and controverting the fact that the wood was bought for Smiley and was his property. The law allows great latitude in cross-examination for these purposes, and it is a matter which rests largely in the discretion of the trial court as to the extent to which the cross-examination may be allowed. We cannot see that there was any abuse of the discretion by the trial judge in regard to these questions and answers.—A. G. Rhodes Furniture Co. v. Weeden & Dent, 108 Ala. 252, 257, 258, 19 South. 318; Tobias v. Treist, 103 Ala. 664, 15 South. 914; Noblin v. State, 100 Ala. 13, 14 South. 767. The same principles apply to assignments of error numbered from 30 to 38, inclusive, relating to the cross-examination of the witness Entrican; also to assignments from 39 to 44, inclusive, relating to the cross-examination of the witness Wildman and the plaintiff.

Referring to the forty-fifth assignment, the plaintiff had testified in his own behalf that he was furnishing the wood which he bought to the Eagle Iron Company, that they paid him always just 10 cents per cord more than he paid for the wood, and when they notified him to put down the price of the wood he did so, etc. The plaintiff then offered to prove by him that when he settled with said company, and was charged by them with all the money received by them, and credited with wood, "no deduction or credit was made or allowed to him on account of the wood which was not delivered." The defendant objected to this testimony, and the court sustained the objection and excluded the testimony. In this the court erred. The evident tendency of questions allowed to the defendant on cross-examination as to the transactions between the plaintiff and the Eagle Iron Company was to raise the question whether or not plaintiff was simply acting as the agent of that company in

purchasing the timber, so that said company was the owner of the timber, and the matter here proposed to be proved by the plaintiff was relevant to show what the real transaction was between them, as going to show who was the owner of the wood, and should have been allowed, in view of the evidence already admitted.

The objections of the plaintiff to the several questions to the witness Coleman, and motions to exclude the answers, should have been sustained. It was not competent to prove who Stewart was representing by what McClane, the superintendent of the Eagle Iron Co., said. This was clearly hearsay testimony. The same is true with regard to the statements by the witness McCord as to what McClane said. The contracts made by Stewart with other parties, and as to the marks placed by him on the wood bought for other parties, were properly admitted as having some relevancy as to the question whose wood it was that was levied on. The fact that Entrican had hauled some wood to the railroad was relevant, but his statements made to the witness Malone should have been excluded. There was error, also, in allowing the witness Bohanan, over the objection of plaintiff, to relate what McClane said about whom Stewart represented.

Charge 1, given at the request of the defendant, exacts too high a degree of proof. It is sufficient if the evidence reasonably satisfies the jury.—*Moore v. Heineke,* 119 Ala. 629, 632, 640, 24 South. 374. The court erred in giving charge 2, on request of the defendant. According to the contract therein referred to, the wood purchased by Entrican for the Eagle Iron Company would not become the property of that company until delivered "f. o. b. cars" at Attalla, Ala., for them, so that, though Entrican may have cut it and put it on the railroad under that contract, yet, if he sold it to Smiley before shipping it to the said company, it was Smiley's wood.

Charges 3 and 4, requested by defendant, were properly given. The burden being on the plaintiff to show that the wood sued for belonged to him, proof that it was bought for another party would defeat his recovery.

[Southern Railway Co. v. City of Attalla.]

Charge 5, given on the request of the defendant, should have been refused. It cannot be said that, because a party purchasing property states that he is buying for another party, the law presumes that the contract is the contract of that party. Agency cannot be proven by the mere statement of the agent.

Charge 6 was properly given on request of the defendant; the burden being on the plaintiff to prove that he was the owner of the property for the conversion of which the suit was brought.

The judgment of the court is reversed, and the cause remanded.

WEAKLEY, C. J., and TYSON and ANDERSON, JJ., concur.