[Civ. No. 8986. Third Dist. Mar. 29, 1957.]

E. J. NORTON et al., Appellants, v. MARVIN BRAXTON FUTRELL et al., Respondents.

C. Ray Robinson, Adolph B. Canelo and Donald E. Oren for Appellants.

Hansen, McCormick, Barstow & Sheppard and Manfredo, Best & Forbes for Respondents.

SCHOTTKY, J.—Plaintiffs, E. J. Norton and Ruby Norton, sought damages from the defendants for the death of their son, William Donald Norton. The death was alleged to have been the proximate result of the negligence of the defendants. The defendants denied that they were negligent and alleged that the deceased was contributorily negligent. Judgment was entered upon a jury verdict in favor of the defendants. Plaintiffs' motion for a new trial was denied and plaintiffs have appealed from the judgment.

The plaintiffs and appellants are the surviving parents of William Donald Norton, who died as a result of injuries received in an accident. At the time of the accident the decedent was riding a bicycle in a westerly direction on State Highway 140 approximately three-quarters of a mile east of

the city of Planada in the county of Merced, California. The accident occurred some time between 8:15 p. m. and 8:30 p. m. on May 8, 1955, when the bicycle being ridden by the deceased was struck from the rear by an automobile driven by the defendant Marvin Braxton Futrell with the permission of the defendant James B. Futrell. At the time of the accident the evidence disclosed that the bicycle being ridden by the decedent was not equipped with headlights, taillights or reflectors. The decedent was accompanied by another boy, Donald A. Curtis, who was also riding a bicycle in a position to the rear of the decedent, but who was not hit. Donald A. Curtis's bicycle was equipped with a generator type light which was on at the time of the accident. The automobile's lights were on dim.

Appellants raise no issue as to the sufficiency of the evidence to support the judgment, but contend most earnestly that the court committed prejudicial error in refusing appellants' requested instruction that decedent was entitled to the benefit of the presumption of due care. In support of this contention appellants cite the recent case of *Gigliotti* v. *Nunes,* 45 Cal.2d 85 [286 P.2d 809], in which, in reversing a judgment for defendant, the Supreme Court declared at page 92:

"As ground for reversal, it is first contended that the court erred in refusing to give plaintiffs' requested instruction on the presumption of due care (Code Civ. Proc., § 1963, subd. 4) on the part of Walters, the deceased driver of the Dodge. As expressed in *Scott* v. *Burke* (1952), 39 Cal.2d 388, 394 [247 P.2d 313], it is settled law that where alleged negligent acts and conduct of a decedent are at issue before the court and the 'testimony respecting such acts and conduct necessarily must be produced by witnesses other than the deceased, . . . an instruction that the deceased is presumed to have exercised ordinary care for his own concerns is . . . proper' except that if the fact proved by uncontradicted testimony produced by the party seeking to invoke the presumption, 'under circumstances which afford no indication that the testimony is the product of mistake or inadvertence . . . is wholly irreconcilable with the presumption . . . the latter is dispelled and disappears from the case.'

"Although there is no room for the presumption where the driver or other person whose claimed negligence is at issue himself testifies to his actions at the time involved [citations], the rule is established that if such person be deceased or unable to testify by reason of loss of memory, the fact that

other witnesses for the parties testify fully as to the acts and conduct of the allegedly negligent person does not deprive the party relying on the presumption of the benefit thereof unless the testimony which he himself produces 'under circumstances which afford no indication that the testimony is the product of mistake or inadvertence . . . is wholly irreconcilable with the presumption sought to be invoked.' [Citations.] Plaintiffs' evidence in the present case is not irreconcilable with the presumption.

"The benefit of the presumption has frequently been held available to plaintiffs in wrongful death actions [citing cases], as well as to one who by reason of loss of memory is unable to testify concerning his conduct at and immediately before the time of the accident. [Citation.]"

Donald Curtis, the principal witness called by appellants, testified that prior to the accident the decedent was riding a bicycle on a public highway at a time when the lighting conditions were "dusky dark," but stated that he could see the outline of the houses in Planada, three-quarters of a mile away, at the time of the accident. He testified that the bicycle being ridden by the decedent had no taillights, no reflectors and no headlights, but that the witness's bicycle was equipped with a headlight which was shining upon the aluminum rear fender of the bicycle ridden by the decedent. He testified that shortly before the accident the decedent had crossed from the right-hand traffic lane to the opposite lane and had returned to the right-hand lane at the witness's suggestion. He testified further that when the decedent came back to the right-hand lane the decedent was "way up ahead of me" and that immediately prior to the accident he, the witness, was just catching up to the decedent.

Donald A. Curtis also testified that he and the decedent had departed from a dump at approximately 8:00 or 8:05 p. m. and that the accident occurred 10 or 15 minutes later, which at the latest would have been 8:20 p. m. It was stipulated that the time of sunset on the day in question was 7:55 p. m.

Respondents argue that since there is no indication that the testimony of Donald A. Curtis was the product of mistake or inadvertence, under the authority of the Gigliotti case, *supra,* such testimony as to the acts and conduct of the decedent immediately preceding and at the time of the accident is wholly irreconcilable with the exercise of due care by the decedent, and establishes that the decedent was contributorily negligent as a matter of law.

We are unable to agree with respondent. Section 618 of the Vehicle Code does not require lamps until a half hour after sunset, and since the testimony of Donald A. Curtis tends to show that the accident occurred less than a half hour after sunset, the testimony that no headlights, tail-lights and reflectors were on the bicycle ridden by the decedent is not "wholly irreconcilable" with the presumption that the decedent exercised due care for his own safety since the inference is clearly warranted that such equipment was not necessary at the time of the accident. ■ The only witness who testified that the accident occurred after the half hour period subsequent to sunset was the defendant Marvin Futrell, but under the authority of the Gigliotti and Hooper cases, *supra,* we must only look to the "evidence which is produced by the party seeking to invoke the presumption" to determine whether such party is entitled to the presumption.

■ Furthermore, we believe that the jury could have found from the evidence that the decedent and his companion cyclist were traveling lawfully down the extreme right-hand side of the roadway in the exercise of due care when the defendant approached from the rear without exercising that vigilance and lookout required by the standard of due care for the safety of others, that the collision was the proximate result of such negligence by the defendant without any negligence of the decedent proximately contributing to the accident, that the accident occurred at a time when lights were not required, and that even if lights were required, the jury could conclude that the defendant was guilty of negligence by driving with dimmed lights and by looking down the left lane of the highway as he testified.

We are convinced that in view of the authorities hereinbefore cited it must be held upon the record in the instant case that appellants were entitled to an instruction upon the presumption of due care.

Respondents contend that even if appellants were entitled to such an instruction appellants cannot complain because the two instructions on the presumption of due care offered by appellants were improper in form and content.

One of these offered instructions appears in the record as follows:

"If a person dies as the result of an automobile accident and is, therefore, unable to testify concerning the circumstances surrounding the accident, then the law provides that the deceased person is entitled to the benefit of the presump-

tion that he was using due care for his own protection and safety and that he was obeying the law at the time of the accident. The presumption in this case is that at the time of this accident the deceased, William Donald Norton, was not on the road without lights or reflectors at a time when lights or reflectors were required, and that he was obeying the law in every respect. These presumptions are a form of evidence and they will, in and of themselves, justify a finding that the deceased, William Donald Norton, was not guilty of contributory negligence, unless the presumptions have been overcome by satisfactory evidence to the contrary. You should consider these presumptions together with any other evidence bearing upon whether or not the deceased, William Donald Norton, was guilty of contributory negligence.

"Requested by plaintiffs and refused: Testimony of Pltfs own witness refutes the above statement. Gregory P. Maushart, Judge."

We believe that the court erred in refusing to give the foregoing instruction. It is apparent that the court refused to give the instruction upon the ground that appellants' own witness refuted the statement, and respondents make the same contention here. However, as we have hereinbefore pointed out, the testimony of Donald A. Curtis was not to the contrary and it was correct for the jury to presume "that at the time of this accident the deceased, William Donald Norton, was not on the road without lights or reflectors at a time when lights or reflectors were required, and that he was obeying the law in every respect." The instruction correctly stated further that: "These presumptions are a form of evidence and they will, in and of themselves, justify a finding that the deceased, William Donald Norton, was not guilty of contributory negligence, unless the presumptions have been overcome by satisfactory evidence to the contrary." We are satisfied that this instruction was a correct statement of the law and that it was error for the court to refuse to give it. Our conclusion as to this instruction makes it unnecessary to discuss the other instruction offered by appellants as to the presumption of due care.

Appellants also complain of the following instruction given by the court at the request of respondent:

"I instruct you that it is the law of this state that if the evidence should be conflicting and the weight of the evidence is equally balanced, and leaves the issue in your mind in doubt and uncertainty, it is your duty in such case

to decide that issue against the party that has the burden of proof as to that issue.''

The instruction should not have been given. The phrase ''and leaves the issue in your mind in doubt and uncertainty'' is opposed to the accepted test of preponderance of probability. The term ''probability'' denotes an element of doubt or uncertainty and recognizes that where there are two choices, it is not necessary that the jury be absolutely certain or doubtless, but that it is sufficient if the choice selected is more probable than the choice rejected. In *Murphy* v. *Waterhouse*, 113 Cal. 467 [45 P. 866, 54 Am.St.Rep. 365], the court states:

''In a civil case it is error to tell a jury that there must be evidence sufficient to 'convince their minds' of any fact necessary to be shown by either party. The weight of evidence or preponderance of probability is sufficient to establish a fact in a civil case.''

However, while we believe that it was error to give this instruction, we do not believe that it was reversible error.

Appellants complain of certain other instructions given by the court. We have examined them and do not believe that the court erred in giving them.

 Having concluded that the court erred in refusing to give an instruction on the presumption of due care, we must decide whether such error was sufficiently prejudicial to require a reversal of the judgment. A careful study of the entire record convinces us that there was ample evidence to support a finding that decedent's death was proximately caused by the negligence of appellant Marvin Futrell and that decedent was not guilty of contributory negligence. These were issues of fact upon which the evidence was sharply conflicting, and as stated in *Gigliotti* v. *Nunes, supra,* at page 94:

''Because the evidence, as already shown, was in such sharp conflict as to some of the circumstances of the accident, and would have amply supported a different verdict, the error in refusing to give the due care presumption instruction is prejudicial.''

The judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.