[Civ. No. 24082. First Dist., Div. Three. Feb. 28, 1968.]

HAROLD BRUCK, Plaintiff and Respondent, v. PLINEY ADAMS et al., Defendants and Appellants.

Rankin, Oneal, Luckhardt, Center, Longinotti & Ingram and William A. Ingram for Defendants and Appellants.

Boccardo, Blum, Lull, Niland, Teerlink & Bell, David S. Lull and Edward J. Niland for Plaintiff and Respondent.

SALSMAN, J.—This is an appeal from an order granting the plaintiff's motion for a new trial following judgment on a jury verdict in favor of the defendants in an action for medical malpractice.

Appellant Pliney Adams is a physician, specializing in anesthesiology. In treating respondent, he injected a local anesthetic by needle into respondent's back, lateral to the midline and adjacent to the lumbar 1-2 interspace. Paralysis resulted. There was conflicting expert testimony on the issues of negligence and proximate cause.

At the conclusion of the trial, the court told the jury that respondent had the burden of proving his case by a preponderance of the evidence and correctly defined that phrase as meaning ''. . . such evidence as, when weighed with that opposed to it, has more convincing force, and from which it results that the greater probability of truth lies therein. . .''

(See BAJI 21.) Later, however, the court instructed the jury on the same subject in the language of appellants' instruction No. 18. That instruction reads in part: "If you believe that it cannot be determined with *reasonable certainty* whether the conditions of which plaintiff complains were or were not caused by any act or omission or commission of defendant doctor, or by anything over which he had no control, then in that event your verdict must be in favor of the defendant doctor, as you are not allowed to conjecture or speculate as to the cause of the injury." (Italics ours.)

The court granted respondent's motion for a new trial on the ground that appellants' instruction No. 18 was erroneous and prejudicial. We affirm the trial court's order.

■ No principle of law is more thoroughly settled and firmly applied than the one which commits the granting of a new trial to the sound discretion of the trial judge. (*Shaw* v. *Pacific Greyhound Lines*, 50 Cal.2d 153, 159 [323 P.2d 391]; *Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338], and cases cited.) Unless an abuse of discretion is shown, the appellate court will not interfere with the trial court's order. (*Scott* v. *Times-Mirror Co.*, 178 Cal. 688, 690 [174 P. 312], and cases cited.) ■ Code of Civil Procedure, section 657, subdivision 7 provides for the granting of a new trial because of an "[e]rror in law, occurring at the trial. . . ." An erroneous or misleading jury instruction is such an error. (3 Witkin, Cal. Procedure (1954) p. 2064.)

■ The first question to be decided is whether appellants' instruction No. 18 is erroneous as a matter of law, because if the instruction is correct the trial judge would have no discretion to grant a new trial on that ground. (*Conner* v. *Southern Pac. Co.*, 38 Cal.2d 633, 637 [241 P.2d 535]; *Parker* v. *Womack*, 37 Cal.2d 116, 123 [230 P.2d 823]; *Stoddard* v. *Rheem*, 192 Cal.App.2d 49, 53 [13 Cal.Rptr. 496].) The second question is whether the error, if present, was prejudicial.

■ There is no doubt but that appellants' instruction No. 18 is erroneous as a matter of law. At the time this action was tried, Code of Civil Procedure, section 2061, subdivision 5 provided that ". . . in civil cases the affirmative of the issue must be proved, and when the evidence is contradictory the decision must be made according to the preponderance of the evidence; . . ." (Repealed Stats. 1965, ch. 299, p. 1366, § 127, operative January 1, 1967.) As we have seen, the court also read BAJI instruction 21, which paraphrases the defini-

tion of "preponderance of the evidence" stated in *Hoffman* v. *Loud,* 111 Mich. 156 [69 N.W. 231], cited with approval in *People* v. *Miller,* 171 Cal. 649, 652, 653 [154 P. 468]. But appellants' instruction went a step further and imposed upon respondent a standard of proof greater than that required by the law.

Three standards have been commonly recognized by which to measure a party's burden of proof. They are proof: (1) by a preponderance of the evidence, (2) by clear and convincing proof, and (3) beyond a reasonable doubt. (See Evid. Code, § 502.) The burden of proof by "reasonable certainty" as described in the questioned instruction, suggests a standard somewhere between "preponderance of the evidence" and proof "beyond a reasonable doubt," and is clearly erroneous.

Instructions requiring proof "with a reasonable certainty" in ordinary civil cases, such as the one before us, have been held erroneous. (See *Smiley* v. *Hooper,* 147 Ala. 646, 652 [41 So. 660, 661]; *Eagle Iron Co.* v. *Baugh,* 147 Ala. 613, 617 [41 So. 663, 664].) Similarly it has been held error to instruct the jury that if ". . . the weight of the evidence is equally balanced, and leaves the issue in your mind in *doubt and uncertainty,* . . ." a verdict against the party with the burden of proof is required. (*Norton* v. *Futrell,* 149 Cal.App.2d 586, 591, 592 [308 P.2d 887]; see also *Galloway* v. *United Railroads,* 51 Cal.App. 575, 581-584 [197 P. 663]; 2 Witkin, Cal. Procedure (1954) Trial, § 65, pp. 1793-1795; 147 A.L.R. 380, 390, 393; 48 Cal.Jur.2d, Trial, § 200, pp. 228-230.) (Italics ours.) Here, the effect of appellants' instruction was to impose a standard of proof which respondent was not bound to meet. The jury, upon hearing the instruction, might reasonably conclude that it should be quite certain of appellants' negligence before favoring respondent with its verdict.

Whether an erroneous instruction has caused prejudice sufficient to justify the granting of a new trial is a matter left to the sound discretion of the trial court. His order will not be disturbed unless it appears there has been an abuse of that discretion. (*Parker* v. *Womack, supra,* 37 Cal.2d 116, 123; *Finney* v. *Neuman,* 186 Cal.App.2d 463, 467 [9 Cal. Rptr. 331].) No abuse of discretion appears here. The issue of causation was hotly contested. Each of the parties produced expert testimony going to the cause of respondent's paralysis. After deliberating for over an hour, the jury asked to be re-instructed on "causal effect," and the court reread

its instructions. The court did not reread appellant's erroneous instruction No. 18, however. Nevertheless, it seems reasonable to infer, as the trial judge obviously did, that the first reading of the erroneous instruction tipped the scales in appellants' behalf. Under these circumstances a new trial is appropriate.

The order is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.