[Civ. No. 12215.  First Dist., Div. Two.  Oct. 13, 1943.]

JAMES McSWEENEY, an Incompetent Person, etc., et al., Respondents, v. EAST BAY TRANSIT COMPANY (a Corporation) et al., Appellants.

Donahue, Richards & Hamlin for Appellants.

Nathan Goldwater, Leo Murcell, Nichols & Richard and Leonard Dieden for Respondents.

STURTEVANT, J.—This is an action in which the plaintiff and his wife sued the defendants to recover damages for injuries sustained in an automobile collision. The action was tried by the trial court sitting with a jury. The jury returned a verdict in favor of the plaintiffs. The defendants made a motion for a new trial. Their motion was denied and the defendants have appealed from the judgment.

The facts in the case involve a collision between an automobile and a motor coach at the intersection of Foothill Boulevard and 90th Avenue in the city of Oakland. The collision occurred around 7 o'clock on the morning of January 1, 1941. Visibility was good, the weather was clear, the streets were dry.

Foothill Boulevard runs east and west and is 54 feet from curb to curb. For the guidance of traffic the center is marked with a double white line. Each half of the highway is divided into three traffic lanes. The boulevard is an arterial or through highway. Appropriate signs posted on the boulevard between 75th Avenue and 99th Avenue limit the speed to 25 miles an hour.

Ninetieth Avenue runs north and south and is 60 feet wide from curb to curb. It enters Foothill Boulevard from the south at approximately right angles. A building at the southwest corner of the intersection houses a grocery store and a barber shop. The southeast corner of the intersection is occupied by a service station operated by the Standard Oil Company. There is a "stop sign" on the curb at the southeast corner of the intersection, and a bench or seat on the east side of 90th Avenue south of the service station denoting generally a terminal maintained by the defendant corporation on 90th Avenue for motor coaches operating on various routes or lines.

The automobile involved in the collision was a 1931 Ford convertible coupé. It was driven by plaintiff James McSweeney east on Foothill Boulevard. He was 27 years of age and was a mail clerk in the Oakland Postoffice. He was accompanied by his wife, plaintiff Earlyn McSweeney. She

was 25 years of age and also worked in a clerical capacity. They had been married 16 months. They lived at the home of his mother in San Leandro east of the accident scene.

On the afternoon of December 31, 1940, Mr. McSweeney went to work around 4 o'clock. He expected to be through work around 11 p. m. The McSweeneys had planned an entertainment at their home for New Year's Eve. They had invited a Mr. Mayer and his wife, and a Mr. Rucker and his friend Miss Handley. The party assembled at the McSweeney home between 9 and 10 p. m. A bottle of whiskey was available. Mr. McSweeney did not reach home until around 2:30 in the early morning of January 1, 1941. Some drinking had occurred in his absence. Some drinking occurred after his return. The party at the McSweeneys broke up around 3:30 a. m. Another party was in progress at the home of the Strohleins in Fruitvale and the McSweeneys joined it. A bottle of whiskey was also available there. The party at the Strohleins broke up around 5:45 a. m. and, having delivered the Mayers to their residence near Broadway and 41st Street in Oakland, the McSweeneys then started for their own home in San Leandro.

As the automobile approached the intersection at 90th Avenue in its eastbound course on Foothill Boulevard, its left side was close to the double white line in the center of the boulevard. Its speed, according to Mrs. McSweeney, was between 25 and 30 miles an hour. But, as it entered the intersection, she was "under the impression" that it slowed down. The view ahead was unobstructed. The automobile collided with the left side of the motor coach then making a left turn in the intersection.

The motor coach involved in the collision was 33 feet long, 7 feet 6 inches wide, 9 feet 10 inches high, and weighed 15,400 pounds. The driver of the motor coach was defendant Staats. He had been employed by the defendant corporation or its predecessor for 21 years. On a regular schedule and regular route the motor coach arrived at the terminal on the east side of 90th Avenue shortly before 7 a. m. Two passengers boarded the coach as it was parked at the curb about 75 feet south of Foothill Boulevard. It then moved north on 90th Avenue traveling at a speed of 10 to 15 miles per hour until it reached the stop sign. It then accelerated its speed above 15 miles per hour. Its regular route necessitated a left turn into Foothill Boulevard. While this turn was being

made the motor coach was hit by the automobile driven by Mr. McSweeney.

The impact between the vehicles was at a point in the intersection approximately 17 feet north of the south curb of Foothill Boulevard and 26 feet west of the east curb of 90th Avenue. The front of the automobile hit the left rear corner of the motor coach just in front of the left rear wheel. The left front of the automobile was a crumpled mass of metal. The motor coach was dented and glass was broken near the left rear wheel. The coach was pushed to the east a distance of a foot or a foot and a half. The automobile turned over on its left side.

The defendants contend that the bus was stopped, but they admit there was substantial evidence that it was not stopped, as provided in section 577. (All sections herein cited refer to the Vehicle Code.) However they contend that their negligence, if any, was not a proximate cause of the accident, and that the cause of the accident was the negligence of the plaintiffs. The latter contend that they were not negligent and that the accident was caused by the acts of the defendants.

Taking up first a consideration of the movements of the bus, as noted above, the defendants concede there was substantial evidence produced by the plaintiffs that the bus did not stop at the south line of the intersection. Such failure was a violation of the terms of section 577. But that is not all.

As it reached said line and should have stopped the Ford was approximately 75 feet from the westerly line of the intersection and advancing at a speed of from 25 to 30 miles per hour. Such evidence presented an issue of fact which the jury was at liberty to solve by holding that the Ford was "an immediate hazard." (*Zwerin* v. *Riverside Cement Co.*, 52 Cal.App.2d 715, 719 [126 P.2d 920].) If the jury so held it would follow that the bus should have yielded the right of way to the Ford. (Sec. 552.) It did not do so, and it follows that the jury was warranted in finding that the defendants were guilty of another act of negligence. Furthermore, the sequence of events was so closely interwoven that it may not be said as a matter of law that neither of said acts was a proximate cause of the accident.

As stated above, when the Ford was on the boulevard at a distance of not more than 100 feet to the left of the bus, the latter started to enter the intersection at an increased speed. Mr. McSweeney continued on his course. The defend-

ants say that in doing so the plaintiffs were, under the facts, guilty of contributory negligence. That charge rests on several different contentions each of which was presented to the jury which by its verdict made implied findings against the defendants. Said implied findings, among others, included the following which we think were sustained by the evidence.

■ The record discloses that Mr. McSweeney was driving as he approached the intersection "between 25 and 30 miles per hour." That speed, defendants contend, was in excess of the statutory limit. (Sec. 511.) But such excess was not negligence as a matter of law. (Sec. 513.)

■ Shortly before he reached the intersection Mr. McSweeney was driving along at about a foot and a half to the right of the white strip dividing Foothill Boulevard into two lanes each 27 feet wide. The defendants claim such act was contributory negligence. They do not quote any parts of the record showing that it was "practicable" for him to drive closer to his right hand side of the boulevard. In the absence of such evidence the driver did not violate the provisions of the statute. (Sec. 525.)

■ The accident occurred at about 7 a. m. Unless Mr. McSweeney was negligent he was entitled to assume at said time and place that no one would violate the law and that any vehicle approaching the boulevard from the south would stop before "entering the nearest crosswalk." (Sec. 577.) As the record stands we assume the jury found he did indulge in such assumption and proceeded accordingly.

As Mr. McSweeney was not a witness we may not assume that he saw the bus reach said crosswalk, fail to stop, and pass the crosswalk without stopping. Therefore we think it may not be said that he did not have control of his car or that he plunged forward in disregard of all possible danger of a collision.

■ Under the undisputed facts Mrs. McSweeney was not confronted with any danger until after the Ford car entered the intersection. At that time a period of a split second elapsed before the collision. Bearing that fact in mind we think the jury did not err in holding that Mrs. McSweeney was not guilty of negligence in failing to remonstrate with her husband regarding his driving.

Each of the foregoing contentions was by the defendants fully presented to the jury and was by it decided against them. This court has neither the desire nor the right to interfere.

■ The defendants complain because the trial court refused to give an instruction which was as follows:

"A witness false in one part of his or her testimony is to be distrusted in others; that is to say, you may reject the whole testimony of a witness who wilfully has testified falsely as to a material point, unless, from all the evidence, you shall believe that the probability of truth favors his or her testimony in other particulars."

In refusing to give the said instruction we think the trial court did not err; but, in any event, the ruling was not prejudicial. (*Medlin* v. *Spazier*, 23 Cal.App. 242 [137 P. 1078]; *Wallace* v. *Pacific Electric Ry. Co.*, 105 Cal.App. 664 [288 P. 834].)

■ They also complain because the trial court refused to give an instruction worded as follows:

"In determining the credibility of a witness, you may consider whether his or her testimony is in itself contradictory; whether it has been contradicted by other credible witnesses; whether his or her statements are reasonable or unreasonable; whether they are consistent with his or her other statements or with the facts established by other evidence or admitted facts. You may also consider the witness' manner of testifying on examination, the character of his testimony, the bias or prejudice, if any, manifested by him or her, his or her interest or absence of interest in the suit, his or her recollection, whether good or bad, clear or indistinct concerning the facts to which he or she testifies; his or her inclination or motive, together with his or her opportunity of knowing the facts whereof he or she speaks." For the reasons stated in the last point the ruling must be the same.

■ When instructing the jury the court read from the pleadings certain passages. It did not read a certain affirmative defense which the defendants set up against the claim of Mrs. McSweeney. At no time was the court requested to read said defense. The defendants now claim that the court, in effect, withdrew said defense from the consideration of the jury. We think not. If the defendants would press that point, we think, in fairness to the trial court, they should have made a formal request to the trial court and obtained a ruling. Failing to make that request they may not now complain.

■ Finally the defendants contend the verdict was excessive as a matter of law. Counsel cite certain cases in which awards were held excessive. It is not claimed that said cases

rested on the same facts as the instant case. Said cases are therefore not controlling. The defendants made the same contention in the trial court when they made a motion for a new trial. That court denied their motion. No new or different facts are presented to this court. Under these circumstances the ruling of the trial court should not be disturbed. (*Allen* v. *Bay Cities Transit Co.,* 122 Cal.App. 590, 597 [10 P.2d 520].) Moreover the facts show that Mr. McSweeney was most seriously maimed and that today he is but a walking automaton. Picking up the record by its four corners it may not be said at first blush that the verdict was so disproportionate to the injuries which he suffered that it must be assumed the verdict was the result of passion or prejudice on the part of the jury. Therefore we hold that the contention of the defendants may not be sustained. (*Allen* v. *Bay Cities Transit Co., supra.*)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing was denied November 12, 1943, and appellants' petition for a hearing by the Supreme Court was denied December 6, 1943.