[Civ. No. 5758.   Fourth Dist.   Dec. 9, 1958.]

WILLIAM L. STAPP, Appellant, v. SALLY ANN
MARSHBURN, Respondent.

William L. Stapp, in pro. per., for Appellant.

Ball, Hunt & Hart and Clark Heggeness for Respondent.

COUGHLIN, J. pro tem.*—In this action plaintiff seeks to recover damages for injuries sustained as a result of an intersection automobile accident occurring on the morning of July 7, 1955, shortly before 8 o'clock. The case was tried before a jury which rendered a verdict in favor of the defendant. The plaintiff appeals from the judgment entered thereon, contending that the evidence is insufficient to support the verdict and the trial court committed error in giving and refusing instructions.

The major portion of plaintiff's brief is devoted to arguments respecting the weight of the evidence, contending that the defendant was driving at an excessive rate of speed, on the wrong side of the roadway, with defective brakes, and that she failed to yield the right of way. ■ "As has so frequently been said, it is the general rule that on appeal an appellate court (1) will view the evidence in the light most favorable to the respondent; (2) will not weigh the evidence; (3) will indulge intendments and reasonable inferences which favor sustaining the finding of the trier of fact; and (4) will not disturb the finding of the trier of fact if there is substantial evidence in the record in support thereof. (Citing cases.) ■ It is not the province of the reviewing court to analyze conflicts in the evidence. (*Berger* v. *Steiner*, 72 Cal.App.2d 208, 213 [164 P.2d 559].) ■ Rather, when a finding of fact is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence contradicted or uncontradicted, which will uphold the disputed finding." (*Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P.2d 557].)

The sufficiency of the evidence in this case must be reviewed in the light of the aforesaid general rule. The facts will be related accordingly.

The accident in question occurred at the intersection of Valencia Road and Imperial Highway in a rural section of Orange County. Immediately before the collision the defend-

---

*Assigned by Chairman of Judicial Council.

ant was driving a Ford automobile westerly along Imperial Highway, a through highway, between 55 and 60 miles per hour; it was slightly foggy and her car lights were lit although visibility was about a mile; she and a girl companion were on their way to work. The plaintiff was driving a Pontiac automobile southerly along Valencia Road, and testified that he came to a stop at the stop sign which is two or three car lengths north of a painted white limit line designating the entrance to the intersection, and does not remember what took place thereafter; he did not stop at the limit line. As the defendant approached the intersection, and about 600 feet distant therefrom, knowing it was imminent, she "let" her foot off the accelerator pedal; visibility to her right, up Valencia Road, was obstructed by an embankment and weeds along the north boundary of Imperial Highway; the events which followed are described by her thusly: "When I was approximately about 300 feet from the intersection I saw this other car slowly coming from Valencia and he was going real slow, and I thought he was about ready to stop for me so I kept going, and then I saw he wasn't going to stop and I tried to swerve around and miss him, but I didn't"; the plaintiff, instead of stopping, appeared to increase his speed; besides swerving to the left in an attempt to avoid a collision, the defendant applied her brakes causing the left wheels of her car to lay down tire marks for 70 feet and heavy "locked wheel" rubber burns for 48 feet; the most westerly end of these rubber burns were 3 feet south of the center of Imperial Highway. While in the hospital the defendant told an investigating officer that she saw the plaintiff stop at the stop sign and didn't believe he was going to pull out in front of her but that all at once there he was, and that she was 150 feet from the intersection when she first noticed there was danger. The front of her car struck the rear half of plaintiff's car. The officer expressed an opinion that the point of impact was one foot south of the center of Imperial Highway and 3 feet west of the center of Valencia Road.

Under the record before this court, the issues of negligence and contributory negligence in this case present primarily questions of facts upon which the finding of the jury is conclusive.

From the evidence, the jury was entitled to conclude the defendant's speed of between 55 and 60 miles per hour was not excessive under the circumstances, (*Gayton*

v. *Pacific Fruit Express Co.*, 127 Cal.App. 50, 57 [15 P.2d 217]; *Greenwood* v. *Summers*, 64 Cal.App.2d 516 [149 P.2d 35]; *Pollind* v. *Polich*, 78 Cal.App.2d 87 [177 P.2d 63]); that in swerving to the left to avoid an accident she acted as an ordinary prudent person under the circumstances, (*Anderson* v. *Dahl*, 121 Cal.App. 198 [8 P.2d 888]; *Uhl* v. *Fertig*, 56 Cal. App. 718 [206 P. 467]); that the skid marks made only by the left wheels of her car were not the result of defective brakes; and that she had the right of way. (Veh. Code, § 552; *Lewis* v. *Doyle*, 149 Cal.App.2d 176, 181 [307 P.2d 965]; *McGuire* v. *San Diego Transit System*, 143 Cal.App.2d 509, 511 [299 P.2d 905]; *Shivers* v. *Van Loben Sels*, 109 Cal.App. 2d 286 [240 P.2d 635]; *Pollind* v. *Polich*, 78 Cal.App.2d 87, 90 [177 P.2d 63]; *Zwerin* v. *Riverside Cement Co.*, 52 Cal. App.2d 715 [126 P.2d 920]; *Inouye* v. *McCall*, 35 Cal.App.2d 634, 637 [96 P.2d 386].)

It is settled law that "a general verdict implies a finding in favor of the prevailing party of every fact essential to the support of his action or defense." (*Plyer* v. *Pacific etc. Cement Co.*, 152 Cal. 125, 130 [92 P. 56].) Under this rule we must assume that the jury found in favor of the defendant in regard to the foregoing matters, with respect to which the plaintiff contends she was negligent.

Likewise, there is substantial evidence to support the jury's implied finding that the plaintiff was contributorily negligent. Section 552 of the Vehicle Code imposes a duty upon a motorist entering a through highway to yield the right of way to other vehicles which are approaching so closely on the through highway as to constitute an immediate hazard. ■ "[T]he law, is also well settled that if it would appear to the mind of any reasonable person that the vehicle approaching the intersection on the arterial highway is near enough to constitute an immediate danger, and under those conditions the driver of the other vehicle attempts to enter or cross the arterial, he is negligent in so doing even though he was the first to arrive at or enter the intersection." (*Pattisson* v. *Cavanaugh*, 18 Cal.App.2d 123, 127 [63 P.2d 868].) ■ "The question whether an approaching vehicle constitutes an immediate hazard is ordinarily one of fact concerning which the jury's conclusion is binding on appeal." (*Zwerin* v. *Riverside Cement Co.*, 52 Cal.App.2d 715, 719 [126 P.2d 930].) ■ The facts in the case at bar sustain the finding of the jury that the approach of defendant's vehicle along the through highway at the time plaintiff entered the same constituted an im-

mediate hazard, requiring him to yield the right of way, and that in failing to do so he was negligent.

■ Appellant further contends that the court erred in modifying one of his instructions by striking therefrom quoted portions of sections 670 and 670.5 of the Vehicle Code, relating to required braking equipment, and also in refusing one of his proposed instructions on the issue of speed.

As proposed, the instruction which was modified contained quoted portions of sections 670 and 670.5 of the Vehicle Code as amended in 1955, which were not in effect at the time of the accident in question, and clearly did not state the statutory law applicable to this case.

Appellant argues that because the phraseology of a part of the first sentence of section 670 as amended in 1955 was a correct statement of the law as approved in *Vedder* v. *Bireley*, 92 Cal.App. 52 [267 P. 724], the trial court should not have stricken the same. The parts of section 670 in question provided, ''Every motor vehicle, . . . when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, . . .'' To permit the foregoing language to remain would have required the trial court to further edit the proposed instruction of which it was a part; an obligation the court was not required to assume in a civil case. ■ ''Where instructions offered are such that they cannot properly be given without modification, that of itself constitutes a sufficient ground for refusing them.'' (*Dover* v. *Archambeault*, 57 Cal.App. 659, 664 [208 P. 178]; *Hart* v. *Farris*, 218 Cal. 69, 75 [21 P.2d 432].) In *Wiley* v. *Young*, 178 Cal. 681, 683 [174 P. 316], the court said: ''The instructions requested by the defendant and refused by the court are contained in four paragraphs, but it does not appear that these paragraphs were separately offered as separate instructions. If the instruction was offered as a whole, then, if any one of these paragraphs is erroneous the whole was properly refused.''

■ Appellant also complains of the trial court's refusal to give one of his instructions on the issue of speed. Two such instructions were proposed by him. In the main these instructions covered identical points of law; both generally referred to prima facie speed limits as well as the basic speed law, but the given instruction specifically advised the jury that the prima facie limit at the place in question was 55 miles an hour; both instructions quoted verbatim section 110

of the Vehicle Code, the basic speed law, but the refused instruction directly advised the jury that a violation thereof was negligence whereas the instruction given did not, although it did advise the jury that speed in excess of the prima facie speed limit was unlawful unless proved not to be in violation of the basic speed law, and in this respect erroneously favored the plaintiff. (*Faselli* v. *Southern Pac. Co.*, 150 Cal. App.2d 644, 647 [310 P.2d 698].) In substance both instructions contained a limitation that, in any event, to constitute negligence speed in violation of the prima facie limit must be proved to be negligent under the circumstances. There is no contention that the defendant was going less than 55 miles an hour as she approached the intersection; she testified that her speed was between 55 and 60 miles an hour; the plaintiff contends it was much greater. Under these circumstances the instruction in question was adequate, as the jury, in effect, was told that her speed was unlawful unless proved not to be in violation of the basic speed law, subject to the limitation that to support a claim of negligence it must be proven as a fact that such speed was negligent under the circumstances involved. Failure to add to this instruction a charge that a violation of the basic speed law was negligence was not prejudicial error. From the record it is apparent that the real issue with respect to speed was whether driving at a rate in excess of the prima facie limit of 55 miles an hour was unlawful and negligent, and not whether driving at a rate within the authorized prima facie limit nevertheless was unlawful and negligent because in violation of the basic speed law. Under the instruction given, as applied to the evidence, the jury was told that the defendant's speed was unlawful unless they found that it was not in violation of the basic speed law. As a consequence any implied finding in its verdict that the defendant's speed was not negligent necessarily included an additional finding that she did not violate the basic speed law. Under such circumstances, the failure to instruct that a violation of the basic speed law constituted negligence amounted to a failure to instruct with respect to a fact which did not exist, and was harmless. On the other hand, if it be assumed that the jury found the defendant's speed was negligent, obviously, no prejudice resulted from refusing to give the requested instruction.

The only instruction given by the court to which appellant objects is one on the doctrine of imminent peril, which was in an approved form. Appellant contends that this instruction,

as applied to defendant, absolved her from negligent conduct prior to the time she observed the plaintiff. Such is not the fact. The instruction expressly limited application of the doctrine to a ''person who, *without negligence on his part, is suddenly and unexpectedly confronted with peril.*'' (Italics ours.)

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied January 5, 1959, and the following opinion was rendered:

THE COURT.—As grounds for a rehearing appellant urges (1) that the record on appeal was incomplete; (2) that errors in the giving and refusing of instructions and misconduct of counsel, not heretofore specified, should now be considered; and (3) that this court incorrectly stated the ''testimony.''

The ''testimony'' referred to is a narrative of the facts supported by evidence in the record, and related in consonance with the rule on appeal as stated in our opinion.

Objections respecting the incompleteness of the record, newly specified errors in the giving and refusing of instructions and the alleged misconduct of counsel now are being raised for the first time.

■ On a petition for rehearing an appellate court will not consider questions not previously raised. (*Pasadena Ice Co.* v. *Reeder*, 206 Cal. 697, 705 [275 P. 944, 276 P. 995]; *A. F. Estabrook Co.* v. *Industrial Acc. Com.*, 177 Cal. 767 [177 P. 848]; *Ocean Part etc. Corp.* v. *Santa Monica*, 40 Cal.App.2d 76, 87 [104 P.2d 668, 879]; *Connor* v. *East Bay Mun. Utility Dist.*, 8 Cal.App.2d 613, 619 [47 P.2d 774, 48 P.2d 982].)

Appellant's petition for a hearing by the Supreme Court was denied February 4, 1959.