[Civ. No. 11507. Fourth Dist., Div. Two. June 27, 1972.]

MELODY HARPST, Plaintiff and Appellant, v.
JAMES DONALD KIRKPATRICK, Defendant and Respondent.

**COUNSEL**

Boccardo, Blum, Lull, Niland, Teerlink & Bell and Stanley A. Ibler, Jr., for Plaintiff and Appellant.

Moore, Graves, Madory & Johnson and Alan E. Johnson for Defendant and Respondent.

OPINION

**TAMURA, J.**—Plaintiff appeals from a judgment on a defense jury verdict in her action for damages for the wrongful death of her three-year-old daughter who died as a result of injuries sustained when she was struck by an automobile driven by defendant.

On the date of the accident the child was in the care of her grandmother. One of the defenses urged by defendant at trial was that the grandmother was plaintiff's agent, that she (grandmother) was negligent in caring for the child and that such negligence was imputable to plaintiff and barred her recovery. The trial court gave instructions on agency and imputed negligence. The decisive issue on this appeal is whether the rendition of those instructions constituted reversible error.

The pertinent facts are not in dispute; they may be summarized as follows:

Plaintiff and her mother (Mrs. Bugbee) lived in adjoining apartments on 16th Place in Costa Mesa a short distance easterly of the intersection of 16th Place and Westminster Avenue. The child (Lisa) had spent the night with Mrs. Bugbee. After the two had breakfast, Mrs. Bugbee started cleaning house with the child assisting her. About 11 a.m., just prior to leaving for work, plaintiff came over and said good-bye to Lisa. Mrs. Bugbee then continued with her housework and Lisa went back into the patio. Shortly thereafter Lisa went out the front door of the grandmother's apartment saying she thought her mother had returned. A few minutes later Mrs. Bugbee heard a sound, dashed outside and saw Lisa lying out in the street.

Defendant testified he turned onto 16th Place one block east of Westminster Avenue and was proceeding westerly on 16th Place at a speed of 25 to 30 miles per hour. The prima facie speed limit in the area was 25 miles per hour. Defendant testified he first saw the child when her head suddenly appeared above the right front fender of his car. The impact occurred some 60 or 70 feet east of the intersection of 16th Place and Westminster Avenue. There was evidence that cars were parked along the north curb of 16th Place in the area where the accident occurred.

Plaintiff's accident reconstruction expert testified that while the length of the skid marks left by defendant's vehicle indicated a speed of 34 to 36 miles per hour, the distance the child's body was projected indicated defendant was traveling from 39 to 43 miles per hour. In his opinion the

length of the skid marks was not an accurate indicia of speed because a dip in the roadway produced erratic skid mark prints.

Defendant testified his car struck the left side of the child's body. However, the pathologist who performed an autopsy on the child's body testified he found a fracture of the right femur and it was his opinion that this fact, together with other injuries noted on the child's body, indicated that one of the initial points of contact with the car was probably the child's right thigh.

The trial court gave the following instructions on agency and imputed negligence: "One is the agent of another person at a given time if he is authorized to act for or in place of such person. [One may be an agent although he receives no payment for his services.]

"If you find that plaintiff's mother was the agent of plaintiff in caring for and supervising the child in question at the time of her death, and that plaintiff's mother was negligent in this respect—the negligence is imputed to plaintiff as a matter of law.

"To constitute an agency there must have been a contractual relationship between the plaintiff and her mother for the care of the child while plaintiff was working—a mere friendly or filial service gratuitously rendered is not ~~an agency~~ a ~~for~~ relationship under which negligence of the party rendering the service is imputed to the party in whose behalf it is rendered. To constitute an agency under which negligence of its agent is imputed to the principal the principal must retain ~~som~~ some control over the manner of the supervision."

In addition, in instructing the jury that a child of the age of the deceased was incapable of contributory negligence as a matter of law, the court added: "However, any contributory negligence on the part of the mother or her agent is a bar to their recovery."

Plaintiff contends that the rendition of those instructions on agency and imputed contributory negligence constituted reversible error. For the reasons which follow we agree.

As Professor Prosser notes: "Except for vestigial remnants which are at most moribund historical survivals, 'imputed contributory negligence' in its own right has now disappeared. The result at which the courts have arrived is that the plaintiff will never be barred from recovery by the negligence of a third person unless the relation between them is such that the

plaintiff would be vicariously liable as a defendant to another who might be injured." (Prosser on Torts (3d ed.) p. 502.) █ In the absence of a true agency relationship, the negligence of a third person caring for a child at the parent's request will not be imputed to the parent. (*Casas* v. *Maulhardt Buick, Inc.,* 258 Cal.App.2d 692, 703 [66 Cal.Rptr. 44].) █ While a member of a family may be an agent of another member of the family, for purposes of imputing negligence the mere gratuitous performance of familial services by one for the other does not convert the family activity into a joint enterprise (*Flores* v. *Brown,* 39 Cal.2d 622, 630 [248 P.2d 922]) or establish a principal and agency relationship between them (*Casas* v. *Maulhardt Buick, Inc., supra,* 258 Cal.App.2d 692, 703).

In the instant case there was no evidence of a contractual arrangement between plaintiff and her mother for the care of the child or evidence that plaintiff retained the right to control the manner in which supervision over the child should be exercised. Here, as in *Casas* v. *Maulhardt Buick, Inc., supra,* 258 Cal.App.2d 692, the evidence merely showed that Mrs. Bugbee was gratuitously rendering a familial service in caring for her granddaughter on the date of the accident.

█ Defendant asserts that the negligence of any third party in caring for a child at the request of the parent is imputed to the parent as a matter of law citing *Welch* v. *Gardner,* 187 Cal.App.2d 104 [9 Cal.Rptr. 453]; *Gavin* v. *Watt,* 144 Cal.App.2d 238 [300 P.2d 842]; and *Springer* v. *Sodestrom,* 54 Cal.App.2d 704 [129 P.2d 499]. The cases cited do not support the sweeping proposition urged by defendant. *Welch* v. *Gardner, supra,* and *Springer* v. *Sodestrom, supra,* involved the negligence of a hired baby sitter and a "nurse," respectively. In *Gavin* v. *Watt, supra,* the court simply assumed, without discussion, that the negligence of the child's grandmother was imputable to the parent. As noted in *Casas* v. *Maulhardt Buick, Inc., supra* (258 Cal.App.2d 692, at p. 704, fn. 7) the issue concerning the basis for vicarious liability was not involved or discussed in *Gavin.*

We conclude that the rendition of the instructions on agency and imputed negligence constituted error.

█ The question remains whether the giving of those instructions was prejudicial. Defendant contends that no prejudice resulted because the jury was told that control was an essential element of agency and the mere existence of a family relationship was insufficient to establish agency.

However, there being no evidence which would have supported a finding of agency, it was prejudicial error to submit to the jury the issue of agency and imputed negligence. (*Edwards* v. *Freeman,* 34 Cal.2d 589, 594 [212 P.2d 883]; *Casas* v. *Maulhardt Buick, Inc., supra,* 258 Cal.App.2d 692, 703-704.) ■ Even though an instruction may be correct in the abstract, generally it is improper to give it if it finds no support in the evidence and its rendition is likely to mislead a jury. (*Solgaard* v. *Guy F. Atkinson Co.,* 6 Cal.3d 361, 370 [99 Cal.Rptr. 29, 491 P.2d 821]; *Davenport* v. *Stratton,* 24 Cal.2d 232, 254 [149 P.2d 4]; *Davis* v. *Pine Mountain Lbr. Co.,* 273 Cal.App.2d 218, 225 [77 Cal.Rptr. 825]; *Tannyhill* v. *Pacific Motor Trans. Co.,* 227 Cal.App.2d 512, 516 [38 Cal.Rptr. 774]; *Hom* v. *Clark,* 221 Cal.App.2d 622, 650 [35 Cal.Rptr. 11]; 4 Witkin, Cal. Procedure (2d ed. 1971) § 240, pp. 3054-3055.) ■ There is a reasonable likelihood that the instructions led the jury to believe that they were empowered to find on the basis of the evidence adduced that Mrs. Bugbee was plaintiff's agent and that her negligence would bar plaintiff's recovery.

Defendant further urges that there was no reasonable probability that a different verdict would have been reached had the erroneous instructions not been given because the jury must have based its verdict on a finding that defendant was not negligent. However, it is impossible to determine from the general verdict whether the jury found defendant free of negligence or whether it found defendant negligent but that, based upon the instructions on agency and imputed negligence, the grandmother was negligent and her negligence was imputable to plaintiff. On the evidence the jury could reasonably have found that defendant was negligent and that such negligence was the proximate cause of the accident. The evidence as to defendant's speed was conflicting. Although he testified to a speed of 25 to 30 miles per hour, plaintiff's accident reconstruction expert was of the opinion that the speed was from 39 to 43 miles per hour. Conflicting inferences could have been drawn as to whether or not the child darted out from behind parked cars. The evidence was conflicting with regard to the positions of the parked cars along 16th Place as well as the side of the child's body first struck by the vehicle. ■ Where there is a reasonable probability that the jury's verdict may have been based on improper instructions, prejudice is shown, and a reviewing court should not speculate on the basis of the general verdict. (*Vistica* v. *Presbyterian Hospital,* 67 Cal.2d 465, 471 [62 Cal.Rptr. 577, 432 P.2d 193]; *Robinson* v. *Cable,* 55 Cal.2d 425, 428 [11 Cal.Rptr. 377, 359 P.2d 929]; *Stockstill* v. *South Laguna Disposal Co.,* 1 Cal.App.3d 1022, 1028 [82 Cal.Rptr. 268].)

Inasmuch as the rendition of the instructions on agency and imputed negligence requires reversal, it is unnecessary to discuss plaintiff's remaining contentions.

Judgment is reversed.

Gabbert, Acting P. J., and Kaufman, J., concurred.