[Civ. No. 47710. Second Dist., Div. Four. Apr. 12, 1977.]

ERNEST W. HAHN, INC., Cross-complainant and Respondent, v. SUNSHIELD INSULATION COMPANY, Cross-defendant and Appellant.

COUNSEL

Yusim, Cassidy, Stein & Hanger and Charles L. Fonarow for Cross-defendant and Appellant.

Shield & Smith and Ingall W. Bull, Jr., for Cross-complainant and Respondent.

## OPINION

**DUNN, J.**—Charles Owens sustained personal injuries when a scaffold fell while he was standing on it to install insulation material in the ceiling of a building under construction. At the time of the accident, Owens was employed by Sunshield Insulation Company, a subcontractor working under the direction of Ernest W. Hahn, Inc., the general contractor. After receiving workers' compensation benefits, Owens commenced an action against Hahn to recover damages for personal injuries (see Lab. Code, § 3852), alleging that such injuries were proximately caused by Hahn's negligence in assembling and inspecting the scaffold. Hahn filed a cross-complaint for indemnity against Sunshield Insulation Company[1] based upon an indemnity clause in Hahn's written subcontract with Sunshield. A jury trial resulted in a verdict on the complaint in favor of plaintiff and against Hahn in the sum of $485,000, and a verdict on the cross-complaint in favor of Hahn and against Sunshield. Judgment was

---

[1] Sunset Ladder Company, which supplied Sunshield Insulation with some of the components of the scaffold, was named as a defendant in the complaint and as a cross-defendant in the cross-complaint. The trial court granted Sunset Ladder's motion for nonsuit as to all parties. Accordingly, judgment was entered in its favor, and against plaintiff and Hahn. No appeal was taken from that portion of the judgment.

entered accordingly.[2] Sunshield appeals from that portion of the judgment entered against it in favor of Hahn.

■ Appellant Sunshield contends the verdict in favor of Hahn is not supported by the evidence, which allegedly shows that Hahn was guilty of active negligence as a matter of law. In considering this contention, we must view the evidence in a light most favorable to Hahn, resolving in its favor all conflicts in the evidence and indulging all legitimate and reasonable inferences therefrom to uphold the verdict. (*Crawford* v. *Southern Pacific Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183].)

So viewed, the evidence shows: plaintiff and his son were employed by Sunshield to install insulation material at Vons Market in El Monte; when they reported for work on Friday, June 21, 1968, Mr. Cox, the president and owner of Sunshield, showed them a scaffold and told them to use it in their work; some of the parts comprising the scaffold belonged to Sunshield, and other parts belonged to Sunset Ladder Company; the scaffold was assembled by Cox and two Sunshield employees 5-6 days prior to June 21st; it was a "rolling" scaffold with four swivel casters, one at each corner of the frame; the base of the frame was 5 feet by 10 feet, and the height of the scaffold from the base to the platform at the top was 16 feet, 3 inches; these dimensions violated construction safety order No. 1646, which requires that a rolling scaffold with workmen riding on it have a base with a minimum dimension equivalent to at least half the height of the scaffold; Mr. Fankboner was employed by Hahn as superintendent of construction at the Vons job; when the scaffold was first assembled, Fankboner "inspected" it visually to see that it complied with applicable safety orders; he saw nothing wrong with it; plaintiff and his son worked a full day Friday without incident, using the scaffold to install insulation material in the ceiling; at the request of Mr. Cox, they reported for work the following day, Saturday, June 22, 1968; no one told Fankboner that plaintiff and his son were going to work Saturday, and the latter were the only persons present on the Vons job that day; while installing the insulation material, they propelled themselves on the scaffold by pulling on rafters and horizontal pipes in the ceiling; as they were attempting, in this manner,

---

[2]The judgment entered in favor of plaintiff and against Hahn was in the net sum of $414,630.14, which represented the amount of the verdict less the amount of workers' compensation benefits paid. Judgment in a like sum was entered in favor of Hahn and against Sunshield on the cross-complaint.

to move the scaffold from an east-west position to a north-south position in order to travel north, the scaffold fell on its side, in a northerly direction, on the floor; plaintiff thereby sustained personal injuries; if the minimum dimension of the scaffold's base had been at least half of its height, the scaffold would not have fallen despite the pressure exerted by plaintiff and his son in attempting to change its direction of travel.

The trial court instructed the jury as follows: "If you find that plaintiff is entitled to your verdict against defendant Ernest W. Hahn, Incorporated under the Court's instructions previously given to you, you are then to consider the cross-complaint of Ernest W. Hahn, Incorporated against cross-defendant Sunshield Insulation Company. [¶] By its subcontract with Ernest W. Hahn, Incorporated, cross-defendant Sunshield Insulation agreed to indemnify Hahn for all liability claims and damages for personal injuries arising from or connected with the performance of the subject contract. However, this right of indemnification is not absolute. [¶] Cross-complainant Hahn is entitled to recover on its cross-complaint against Sunshield if you find: One, that Sunshield Insulation was negligent and that such negligence was a proximate cause of injury to plaintiff; and, two, that the negligence of Sunshield, when compared to Hahn's, is found by you to be active, while the negligence of Ernest W. Hahn is found by you to be passive. [¶] A negligent creation of a dangerous condition is action [*sic*]. A negligent failure to discover or remedy a condition is passive."[3]

 Whether an indemnitee's conduct constitutes active or passive negligence depends upon the circumstances of a given case, and is ordinarily a question for the trier of fact. (*Rossmoor Sanitation, Inc.* v. *Pylon, Inc.* (1975) 13 Cal.3d 622, 629 [119 Cal.Rptr. 449, 532 P.2d 97]; *Morgan* v. *Stubblefield* (1972) 6 Cal.3d 606, 626 [100 Cal.Rptr. 1, 493 P.2d 465].) Under the instruction given, the jury could find that Hahn was passively negligent, for the evidence as we must view it showed that its superintendent merely failed to discover the unsafe dimensions of the scaffold (see *Herman Christensen & Sons, Inc.* v. *Paris Plastering Co.* (1976) 61 Cal.App.3d 237, 252 [132 Cal.Rptr. 86]), which dangerous condition was created by Sunshield personnel when they assembled the scaffold. At any rate, it cannot be said that Hahn was actively negligent as a matter of law.

---

[3]The record does not indicate whether this instruction was given at the request of one of the parties, or by the court on its own motion.

Sunshield contends the instruction given by the trial court inadequately defined active negligence,[4] and the court therefore erred in refusing to give the following instruction offered by Sunshield: "Cross-complainant Ernest W. Hahn is not entitled to recover upon its cross-complaint against cross-defendant Sunshield Installation [*sic*] if said cross-complainant was guilty of active negligence in connection with the accident in which plaintiff was injured. One is guilty of active negligence if he personally participates in an affirmative act of negligence, or is physically connected with an act or omission by knowledge of or acquiescence in it, or fails to perform some duty in connection with the omission which he may have undertaken by virtue of an agreement. Thus, if you find that Ernest W. Hahn either participated in an affirmative act of negligence which caused injury to plaintiff, or if you find that Ernest W. Hahn was physically connected with an act or omission by reason of its knowledge or [*sic*] or acquiescence in it, or if you find that Ernest W. Hahn failed to perform some duty in connection with an omission which caused injury to plaintiff and which Ernest W. Hahn may have undertaken to perform by virtue of its written agreement in this case, then you must find against said cross-complainant Ernest W. Hahn on the cross-complaint."

This definition of "active" negligence in the proposed instruction was copied from the opinion of the Supreme Court in *Morgan* v. *Stubblefield, supra,* 6 Cal.3d at page 625. The practice of taking excerpts from the opinions of courts of last resort and indiscriminately changing them into instructions to juries has frequently been condemned. (See *Francis* v. *City & County of San Francisco* (1955) 44 Cal.2d 335, 341 [282 P.2d 496]; *McKeon* v. *Lissner* (1924) 193 Cal. 297, 305-306 [223 P. 965]; *Hsu* v. *Mt. Zion Hospital* (1968) 259 Cal.App.2d 562, 576 [66 Cal.Rptr. 659]; *Fibreboard Paper Products Corp.* v. *East Bay Union of Machinists* (1964) 227 Cal.App.2d 675, 717-718 [39 Cal.Rptr. 64]; *Sloan* v. *Stearns* (1955) 137 Cal.App.2d 289, 299-300 [290 P.2d 382].) As explained in *Tait* v. *City and County of S. F.* (1956) 143 Cal.App.2d 787, 792 [300 P.2d 74]: "Even if a statement in an opinion is made as a general rule, such rule is drafted with the special case in mind and may in a different case prove to be inapplicable." The instruction offered by Sunshield is subject to this criticism, for it set forth three situations constituting active negligence and two of these were unsupported by the evidence. Thus, the instruction invited the jury to find active negligence on the part of Hahn if: (1) Hahn

[4]Sunshield apparently does not deny that the definition given, so far as it went, was a correct statement of the law. (See *Rossmoor Sanitation, Inc.* v. *Pylon, Inc., supra,* 13 Cal.3d 622, 630.)

"participated in an affirmative act of negligence which caused injury to plaintiff"; or (2) Hahn "failed to perform some duty in connection with an omission which caused injury to plaintiff and which Ernest W. Hahn may have undertaken to perform by virtue of its written agreement in this case." Regarding the first situation set forth above, there was no evidence that any employee of Hahn participated in the assembling of the scaffold. Regarding the second situation, the only written agreement received in evidence was the subcontract between Hahn and Sunshield; such contract contained no undertaking on the part of Hahn to assure the safety of scaffolds supplied by Sunshield for the use of its employees. In short, there was no evidence from which the jury could infer that Hahn assumed any express contractual duty the breach of which was a proximate cause of plaintiff's injuries.[5]

An instruction is erroneous if, though abstractly correct as a statement of law, it finds no support in the evidence or reasonable inferences therefrom. (*Solgaard* v. *Guy F. Atkinson Co.* (1971) 6 Cal.3d 361, 370 [99 Cal.Rptr. 29, 491 P.2d 821]; *Davenport* v. *Stratton* (1944) 24 Cal.2d 232, 254 [149 P.2d 4]; *Harpst* v. *Kirkpatrick* (1972) 26 Cal.App.3d 482, 487 [102 Cal.Rptr. 621]; *De George* v. *Crimmins* (1967) 254 Cal.App.2d 544, 547 [62 Cal.Rptr. 394]; *Hom* v. *Clark* (1963) 221 Cal.App.2d 622, 650 [35 Cal.Rptr. 11]; *Balthrop* v. *Atchison, T. & S. F. Ry. Co.* (1959) 167 Cal.App.2d 437, 445 [334 P.2d 1041]; 4 Witkin, Cal. Procedure (2d ed.) Trial, § 240, p. 3054.) A trial court owes no duty to modify or edit an instruction offered by either side in a civil case, and if there is error in the charge proposed, the court may reject the entire instruction. (*Shaw* v. *Pacific Greyhound Lines* (1958) 50 Cal.2d 153, 158 [323 P.2d 391]; *Estate of Dopkins* (1949) 34 Cal.2d 568, 575 [212 P.2d 886]; *Nelson* v. *Southern Pacific Co.* (1937) 8 Cal.2d 648, 653 [67 P.2d 682]; *Anaheim Bldrs. Supply, Inc.* v. *Lincoln Nat. Life Ins. Co.* (1965) 233 Cal.App.2d 400, 413 [43 Cal.Rptr. 494]; *Fibreboard Paper Products Corp.* v. *East Bay Union of Machinist, supra,* 227 Cal.App.2d at p. 717; *Stapp* v. *Marshburn* (1958) 165 Cal.App.2d 808, 813 [332 P.2d 798, 333 P.2d 351]; *Sloan* v. *Stearns,*

---

[5]A general contractor in control of premises where work is being done by employees of a subcontractor, is an employer subject to the statutory, nondelegable duty imposed by the Labor Code to provide a safe place of employment for such employees and to comply with the regulations for their safety prescribed by or pursuant to Labor Code section 6400 et seq. (*Kirk* v. *Kemp Bros.* (1970) 12 Cal.App.3d 136, 141 [90 Cal.Rptr. 553].) However, in deciding whether an indemnitee's conduct constitutes active or passive negligence, "[t]he crux of the inquiry is to determine whether there is participation in some manner by the person seeking indemnity in the conduct or omission which caused the injury *beyond the mere failure to perform a duty imposed upon him by law.*" (Italics added.) (*Morgan* v. *Stubblefield* (1972) 6 Cal.3d 606, 625 [100 Cal.Rptr. 1, 493 P.2d 465].)

*supra,* 137 Cal.App.2d at p. 300; *Bertolozzi* v. *Progressive Concrete Co.* (1949) 95 Cal.App.2d 332, 337-338 [212 P.2d 910].) Accordingly, the trial court in the present case was not obliged to delete those portions of the proffered instruction which were without support in the evidence, and the court properly rejected the entire instruction.

The judgment is affirmed.

Kingsley, Acting P. J., and Jefferson (Bernard), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 9, 1977.