[No. 13861.  Department One. — February 16, 1892.]

JOHN W. BYRNES ET AL., APPELLANTS, *v.* GAWN MOORE, RESPONDENT.

TRANSFER OF PERSONAL PROPERTY — STATUTE OF FRAUDS — CHANGE OF POSSESSION — QUESTION OF FACT — NONSUIT. — The question whether a transfer of personal property has been accompanied by an immediate delivery and followed by an actual and continued change of possession is to be determined on the particular facts which surround the given transaction or transfer; and where the evidence is of such a character as not to render it clear, as matter of law, that no evidence existed tending to show a transfer which would be good under the statute, the question is one of fact for the determination of the jury, and it is error for the court to grant a nonsuit.

APPEAL from a judgment of the Superior Court of Lake County, and from an order denying a new trial.

The facts are stated in the opinion.

*Stanly, Stoney & Hayes, R. W. Crump,* and *Ira C. Jenks,* for Appellants.

The question of actual and continued change of possession is always a question of fact, and not a question of law, unless it be a case of total absence of evidence tending to establish the fact; and it is error to grant a nonsuit in a case where there is any evidence tending to prove the fact of such possession. (*Ringgold* v. *Haven,* 1 Cal. 116; *Dow* v. *Gould etc. Mining Co.,* 31 Cal. 650; *McKee* v. *Green,* 31 Cal. 418; Hayne on New Trial and Appeal, sec. 117; *Parks* v. *Barney,* 55 Cal. 239; *Bernal* v. *O'Hanlon,* 59 Cal. 284; *Goldstein* v. *Nunan,* 66 Cal. 542; *Garlick* v. *Bowers,* 66 Cal. 122; *Ross* v. *Sedgwick,* 69 Cal. 247; *Godchaux* v. *Mulford,* 26 Cal. 320; *Williams* v. *Lerch,* 56 Cal. 334; *Ford* v. *Chambers,* 28 Cal. 13; *Morgan* v. *Miller,* 62 Cal. 492.)

*Bond & Fishback,* for Respondent.

Where the facts are undisputed, as in this case, it is the duty of the court to determine, as a question of law, whether such facts constitute an "actual and continuous

change of possession" within the statute. ( *Weil* v. *Paul,*
22 Cal. 493; *Bell* v. *McClellan,* 67 Cal. 283; *Cahoon* v.
*Marshall,* 25 Cal. 201.   See *Stevens* v. *Irwin,* 15 Cal. 506;
*Godchaux* v. *Mulford,* 26 Cal. 316; *Hesthal* v. *Myles,* 53
Cal. 623.)

FOOTE, C. — This action of claim and delivery was
brought against a sheriff who had levied upon certain
personal property under a writ of attachment at the
suit of certain parties who were the creditors of the
seller of the property to the plaintiffs.

The court below granted a nonsuit, apparently upon
the ground that the debtor of the attachment creditors
had not made a sale of the property to the plaintiffs
which would satisfy the provisions of section 3340 of the
Civil Code, because the transfer of the property was not
accompanied by an immediate delivery and followed by
an actual and continued change of possession.

Every case of the kind here involved has its own pe-
culiar features, and must be determined on the particular
facts which surround the given transaction or transfer.

Carefully examining all the evidence in this case, we
are of opinion that it was of such a character as not to
render it clear, as matter of law, that no evidence existed
tending to show a transfer which would be good under
the statute.

Therefore, as it seems to us, the question was one of
fact which should have been permitted to go to the jury
for determination.

We therefore advise that the judgment and order
denying a new trial be reversed.

VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing
opinion, the judgment and order are reversed.

Hearing in Bank denied.