## CAMERON v. CALBERG.

### No. 14,499; November 28, 1892.

#### 31 Pac. 530.

**Sale—Change of Possession.**—Plaintiff Bought from M. a mare, then pasturing on the land of one W., five miles distant. He went to take possession of the mare, but W. was not at home. On his return he met W., and then arranged with him to remove the mare a few days later, and on the day specified he placed her on another ranch, under an agreement with the manager thereof, who received and held her for plaintiff. Held, that there was a sufficient compliance with Civil Code, section 3440, providing that every transfer of personal property will be deemed to be fraudulent as to creditors, unless accompanied by an immediate delivery, and followed by an actual and continued change of possession, of the things transferred.

APPEAL from Superior Court, Alameda County; E. M. Gibson, Judge.

Action by Ashley D. Cameron against G. F. Calberg to recover possession of a mare seized at suit of defendant against plaintiff's vendor. From a judgment for plaintiff, and order denying new trial, defendant appeals. Affirmed.

H. F. Crane for appellant; Wells Whitmore and David Stoddart for respondent.

FOOTE, C.—This action of claim and delivery was instituted to recover possession of a certain mare named "Dolly," claimed to be wrongfully in possession of the defendant. From the judgment rendered in the premises, and from an order denying a new trial, this appeal is taken.

The only point made for a reversal of the judgment and order is that the evidence does not support the findings. In this connection it is urged that the plaintiff, who had bought the property in question from his father in law, Mr. Murr, did not get it in such manner as to satisfy the provisions of section 3440, Civil Code, because, as is claimed, the transfer of the property was not accompanied by an immediate delivery, and followed by an actual and continuous change of possession. As remarked by this court in Byrnes v. Moore, 93 Cal. 393, 29 Pac. 70, "every case of the kind here involved

has its own peculiar features, and must be determined on the particular facts which surround the given transaction or transfer." Many of the facts in this case are similar to those developed in Williams v. Lerch, 56 Cal. 330, where it was held that the transfer was good. Here the vendee got a bill of sale, and paid a sufficient consideration for the property—a mare, which was on a pasture in possession of a third party. The purchaser (the plaintiff here) went to get the mare and other horses he had bought, but did not find the party, Weyland, who had them in charge, at home. On that same day, on plaintiff's return to Oakland, his place of residence, the pasture where the mare was being five miles distant, he met Mr. Weyland, the person who had the mare and the plaintiff's other horses in charge on pasturage, and made arrangements to remove all of them on the 2d of April, 1890, to another ranch for pasturage, a few miles off. The vendor, Murr, in pursuance of one of the conditions of the sale, then paid Weyland for the previous pasturage of the mare and other horses he had sold the vendee. Then, on the 2d of April, 1890— only a few days after this—the plaintiff and a son of the vendor, Murr, and Weyland took the horses that plaintiff had previously owned, the mare in dispute, and other animals bought from the vendor, Murr, and drove them to the Hewston ranch to be pastured. The plaintiff had previously made arrangements with Mr. Harrison, manager of the Hewston ranch, for the pasturage of all the animals above mentioned, and Harrison, in pursuance of that arrangement, received all of the horses, including the mare, from the plaintiff, as the property of the plaintiff, and kept them for him subject to his order, and never heard of, knew, or recognized anyone else in the matter; and Harrison, as manager of the ranch, was in the possession of all the animals for the plaintiff from the 22d of April, 1890, until the 24th of May, 1890, when the mare Dolly was seized at the suit of an attaching creditor of Murr, the vendor, by Calberg, the defendant here, a constable executing the writ. We perceive no error in the action of the court below complained of by appellant, and advise that the judgment and order be affirmed.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.