## STRATTON v. BURR et al.

### L. A. No. 424; October 1, 1898.

#### 54 Pac. 735.

Sale—Change of Possession.—One Partner Transferred to a Creditor of the partnership their stock of merchandise without the knowledge of his partner, who for a month previous had not had anything to do with the affairs of the firm. After the transferring partner had shown the new delivery boy the delivery route, he left the store, leaving it in charge of the purchaser's agent, who had been employed there for a month previous. Held, that under Civil Code, section 3440, making transfers of personal property unaccompanied by an immediate delivery, and not followed by continued change of possession, fraudulent as to creditors, the evidence was sufficient to show an actual and continued change of possession.

APPEAL from Superior Court, Los Angeles County.

Action by Minnie E. Stratton against John Burr and others. From a judgment in favor of plaintiff and an order denying a new trial defendants appeal. Affirmed.

Dillon & Dunning for appellants; H. T. Gordon and J. W. Swanwick for respondent.

BELCHER, C.—This is an action to recover the possession or value of certain personal property, alleged to have been wrongfully taken from the possession of the plaintiff by the defendant John Burr, as sheriff of the county of Los Angeles, on the tenth day of August, 1895. The defendant justified the taking of said property under and by virtue of a writ of attachment issued in an action commenced in the superior court of Los Angeles county on the tenth day of August, 1895, by one Gregory Perkins, Jr., against J. J. Stratton and

U. G. Stratton, copartners, doing business under the firm
name of Stratton Bros. The answer denies that the taking
was wrongful, and alleges that on the eighth day of August,
1895, Stratton Bros. were indebted to various persons in sums
of money aggregating $992.50, and on the tenth day of the
month the said creditors assigned their several claims to
Gregory Perkins, Jr., who thereupon commenced said action;
that, on the said eighth day of August, J. J. Stratton, for the
sole purpose of preventing the creditors of Stratton Bros.
from attaching said property, and to hinder, delay and de-
fraud said creditors, without the consent or knowledge of said
U. G. Stratton, entered into a secret and fraudulent agree-
ment with Minnie E. Stratton, the plaintiff, under and by
virtue of which it was agreed that said J. J. Stratton should
transfer to the plaintiff all the property described in the
complaint; that thereafter, on the same day, in pursuance of
said secret and fraudulent agreement, said J. J. Stratton did
sign a bill of sale of said property to the plaintiff, but the
same was never delivered, and the pretended sale made in
pursuance of said agreement was not accompanied by any
delivery or by any change of possession of the things at-
tempted to be so transferred.

The case was tried by the court, without a jury, and the
findings were in substance as follows: On August 8, 1895, and
for several months prior thereto, Stratton Bros. were copart-
ners, engaged in the grocery business in the city of Los An-
geles, and on that day were indebted to the various persons
named in the answer in the aggregate sum of $992.50, and
were indebted to the plaintiff in the sum of $1,115 for moneys
theretofore loaned by her to them. On the same day, said
copartners, for and in consideration of their indebtedness to
the plaintiff, executed and delivered to her a bill of sale,
whereby they sold and conveyed to her the property men-
tioned and described in the complaint; and the same was not
made for the purpose of defrauding any person, but was ex-
ecuted by them and received by her for the sole and only
purpose of paying the amount then owing by them to her.
Said sale was accompanied by a delivery and change of pos-
session of the property thereby transferred, and, prior to the
sale, Stratton Bros. were in possession of said property. Im-
mediately after the transfer of said property plaintiff took
possession of the same, and remained in the possession thereof

until August 10th, at which date she was the owner and in the rightful possession of the same. On August 10th, Perkins, as assignee of said creditors, caused said property to be attached by the defendant in proceedings duly instituted and prosecuted to final judgment, under which the same was sold by said sheriff on execution duly issued. The Stratton Brothers were not in possession of said property when attached, and were not then the owners thereof. The value of the property was $900. Upon these findings judgment was rendered in favor of the plaintiff for the return of the property, or for the sum of $900, the value thereof, in case a return could not be had, with interest and costs. From that judgment and an order denying a motion for new trial this appeal is prosecuted.

It is not claimed by appellants that the transfer to the plaintiff was made with intent to hinder, delay or defraud any creditor of the transferrers or other person, or that there was any actual fraud in the transaction, but the contention is—and this is the only ground urged for a reversal—that the transfer was not accompanied by an immediate delivery, and followed by an actual and continued change of possession, of the things transferred. We do not think the judgment should be reversed on this ground. It has been held by this court in numerous cases that what constitutes an immediate delivery and an actual and continued change of possession is a fact to be determined upon the evidence in each particular case. "The circumstances connected with a transfer of personal property are so varied that it would be impossible to frame a rule applicable to each case, or to determine in advance what acts would be sufficient to meet the requirements of the statute. When the transfer is challenged as fraudulent under this section [section 3440, Civil Code], all the circumstances connected therewith are essential to a determination of its character, and it can very rarely be the case that there will not be such a conflict of testimony as to preclude this court from re-examining its sufficiency": Claudius v. Aguirre, 89 Cal. 503, 26 Pac. 1077; Byrnes v. Moore, 93 Cal. 393, 29 Pac. 70; Porter v. Bucher, 98 Cal. 459, 33 Pac. 335. Every intendment is in favor of a judgment of a court of record, and, until the contrary is made clearly to appear, the appellate court is bound to suppose that it was based upon proper evidence: Grewell v. Henderson, 7 Cal. 291. In view, there-

fore, of the circumstances shown in this case, we think it cannot be said that the evidence was insufficient to justify the court below in determining as a fact that the transfer to the plaintiff was accompanied by an immediate delivery, and followed by an actual change of possession, which continued until the property was seized by the defendant as sheriff.

It appears that, when the transfer was made, U. G. Stratton had had nothing to do with the business of the store for more than a month, and that, immediately after the transfer, J J. Stratton left the store, and after that had nothing to do with its business, except that on the morning of that day he went around with the newly employed delivery boy, and showed him the route for delivering goods to customers, and on the morning of the next day went again with the boy, and showed him another part of the route. Plaintiff's husband had been employed in the store as clerk and assistant to J. J. Stratton for about a month, and after the transfer he took charge of its business, and had full control and management of its affairs, as agent and employee of his wife. The case is in many respects similar to that of Ford v. Chambers, 28 Cal. 13, where, as stated in the syllabus, it was held: "If a merchant, having a stock of goods in his store, and engaged in a retail trade, with clerks in his employ, makes a sale in good faith of his entire stock in trade to a creditor, in payment of indebtedness and for a fair price, and the creditor immediately goes into the store, takes entire control of the business, and proceeds to take an inventory, and also to retail the goods to customers, with the assistance of the clerks of the vendor, this constitutes an actual and continued change of possession, and the sale is valid as against the creditors of the vendor, although there has been no formal discharge of the clerks of the vendor, and rehiring of them by the vendee." We advise that the judgment and order appealed from be affirmed.

We concur: Haynes, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.