[Civ. No. 483.   Fourth Appellate District.—October 15, 1931.]

MILDRED C. DEMERS, Respondent, v. FRED A.
SUTHERLAND et al., Appellants.

E. P. Sample, W. H. Wylie, A. Hains, Gray, Cary, Ames & Driscoll and Arthur F. H. Wright for Appellants.

Wirt Francis for Respondent.

ALLISON, J., *pro tem.*—In this case the plaintiff recovered judgment against the defendant in the sum of $12,000. Defendant appeals.

The case was tried before the court without a jury. It appears that on the twenty-second day of March, 1929, respondent was riding in an automobile driven by Leo J. Demers, her husband, proceeding in a westerly direction along San Miguel Avenue and while crossing the intersection of said avenue with Massachusetts Avenue a collision occurred between the automobile in which respondent was riding and an autobus owned by the appellant Fred A. Sutherland and at the time being operated by appellant M. L. Curtis, an employee of Sutherland. The respondent received certain injuries as a result of the collision. Both of said avenues are public highways situated in San Diego County. The intersection at which the collision occurred is not within the corporate limits of any city, town or village. Massachusetts Avenue was at the time and now is an arterial highway provided on both sides with boulevard stop signs. San Miguel Avenue intersects Massachusetts Avenue at right angles. At the time the collision occurred the autobus was proceeding in a southerly direction along Massachusetts Avenue. The respondent's automobile was proceeding in a westerly direction along San Miguel Avenue. These directions of movement indicate that the autobus approached the intersection on the right of the driver of the automobile and conversely the automobile approached on the left of the driver of the autobus. The collision occurred in the early forenoon between the hours of 8 and 8:30 o'clock. There was at the time or had been during the morning a light rain and the pavement was wet and slippery.

Leo J. Demers, husband of the respondent, who was driving the automobile in which respondent was riding, testified that he was quite familiar with the crossing and that an earth embankment overgrown with weeds or growing grain was situated on the north of San Miguel Avenue extending

from the easterly line of Massachusetts Avenue easterly for some distance; that the embankment entirely obstructed his view of Massachusetts Avenue to his right, from which direction the autobus was approaching; that he stopped his car at the boulevard stop, shifted the gear of his automobile into second and immediately went forward into the intersection and just as they passed beyond the embankment into Massachusetts Avenue he saw the stage over his shoulder for an instant before the collision occurred but he was unable to say how fast the autobus was traveling; that the pavement on Massachusetts Avenue is about twenty feet wide; that he traveled about eighteen feet from the place at which he made the boulevard stop before his car was struck by the autobus, and that the embankment on his right approaching Massachusetts Avenue blocked his vision all the way except for about five feet.

The respondent testified that she was familiar with the crossing; that her husband drove the car approaching the intersection and when about fifty feet from the intersection he slowed down and eventually stopped at the boulevard stop; that it was impossible to see to the right at that point because of an earth embankment which she stated to be about six feet high; that from where her husband stopped the automobile it was impossible to see any distance at all to the right down Massachusetts Avenue because of the earth embankment; that her husband put the car into second gear and drove past the embankment. She did not see the autobus until just before it struck their automobile and did not know how fast the autobus was traveling.

The only direct testimony introduced as to the speed of the autobus was that of the witness Curtis, the driver of the bus, a witness called on behalf of the appellants. Curtis testified that he approached the intersection at a speed of about twenty-five miles per hour and that he slowed down to about fifteen miles per hour as he approached the intersection of Massachusetts Avenue and San Miguel Avenue and was driving about fifteen miles per hour when he entered the intersection, and that when he neared the intersection he slowed down to about fifteen miles per hour and looked to his left and then to his right, and seeing nothing, he "stepped on the accelerator and started to cross"; "commenced speeding up a little". The left front fender of the

bus received the greater damage. The left front headlight was smashed. No damage was done to the right front headlight. When he first saw the respondent's car it was about fifteen feet east of the boulevard stop. He immediately applied his emergency and foot-brake, disconnected the clutch of the bus and locked the wheels; the pavement was slippery and the bus slid about fifty feet from the place where he first slid the bus wheels until they came to a stop. After colliding with respondent's car he pushed it down Massachusetts Avenue about fifty-one feet. On cross-examination the witness testified that he was ten or fifteen feet back of the property line or pavement when he started to accelerate the speed of the bus.

Mrs. Rose Eckles, a passenger on the autobus, testified that the autobus did not travel at a high rate of speed and that when approaching the intersection it slowed down definitely; that she thought it was stopping for passengers.

It also appears that the bus struck the respondent's automobile on the side and pushed it sideways southerly along Massachusetts Avenue a distance of seventy-five feet and that the force of the impact caused severe injuries to the respondent. The automobile in some manner became locked to the front of the stage. It did not turn over or leave the road but remained upright. The automobile was completely wrecked and some damage was done to the front of the autobus.

Appellant insists that the judgment should be reversed for the following reasons: First, that the evidence does not establish negligence on the part of the appellants; second, that the driver of the automobile in which respondent was riding was guilty, as a matter of law, of contributory negligence; third, that the negligence of the driver of the automobile was imputable to respondent and barred recovery by her.

On the question of negligence the court found "that said stage or bus was being driven at a high and dangerous rate of speed and without due regard for the safety of other vehicles at said intersection and was so negligently, carelessly and recklessly driven and operated by the defendant M. L. Curtis as to cause the same to run into and against and collide with the automobile in which plaintiff was riding, crushing the side thereof and forcing said automobile side-

ways and southerly a distance of approximately 75 feet
. . . said collision was caused solely by the negligence, care-
lessness and recklessness of defendant M. L. Curtis in oper-
ating the stage of defendant Fred A. Sutherland as alleged
in plaintiff's complaint herein and as hereinbefore specifically
found''.

The court also found that it was not true that the bus
entered the intersection prior to the time when respondent's
automobile had reached said intersection and that it was
not true that Leo J. Demers drove said automobile either
carelessly, negligently or improperly; nor that he failed
to take proper precaution prior to entering said intersection
but on the contrary the said Leo J. Demers did take all proper
precaution prior to entering said intersection and did observe
the boulevard stop; that it was not true that said Leo J.
Demers drove said automobile, in entering said intersection,
at a high or unlawful or excessive rate of speed and that it is
not true that said collision was caused by reason of the negli-
gence and carelessness of Leo J. Demers. ''The finding
upon this as upon other issues of fact is conclusive on appeal
unless, reading the evidence in the light and with the infer-
ences most favorable to the conclusions reached below, the
appellate court can say that that conclusion is without sub-
stantial support in the record.'' (*Hassell* v. *Bunge,* 167 Cal.
365 [139 Pac. 800].) ''Every case of the kind here involved
has its own peculiar features and must be determined on
the particular facts which surround a given transaction or
transfer.'' (*Byrnes* v. *Moore,* 93 Cal. 393 [29 Pac. 70].)

In examining the sufficiency of the evidence to sup-
port the questioned finding, an appellate court must accept
as true all evidence tending to establish the correctness of
the findings made, taking into account as well all inferences
which might reasonably have been thought by the trial court
to lead to the same conclusion. Every substantial conflict
in the testimony is, under the rule which has always pre-
vailed in this state, to be resolved in favor of the finding.

We are of the opinion that the evidence is sufficient
to sustain the finding that the defendant's autobus was, at
the time of the collision, being driven at a high and danger-
ous rate of speed; also that the testimony is sufficient to
sustain the finding that appellants' stage had not entered
the intersection prior to the time the automobile in which

respondent was riding reached said intersection; also that the said Leo J. Demers did take all proper precaution prior to entering said intersection. In the case of *Couchman* v. *Snelling*, 111 Cal. App. 192 [295 Pac. 845], it was said that "where a car has actually entered an intersection before the other approaches it, the driver of the first car has the right to assume that he will be given the right of way and be permitted to pass through the intersection without danger of collision. He has a right to assume that the driver of the other car will obey the law, slow down and yield the right of way, if slowing down be necessary to prevent a collision. Nor is the plaintiff required to yield the right of way to one a considerable distance away whose duty it is to slow down in crossing an intersection." (Cited with approval in *Page* v. *Mazzei*, 213 Cal. 644 [3 Pac. (2d) 11].)

█ It is next insisted that the driver of the automobile in which respondent was riding was guilty, as a matter of law, of contributory negligence. Contributory negligence is an affirmative defense. The burden of proving it is on the appellants. Under the testimony we believe that there was sufficient evidence to present a question of fact as to which of the vehicles entered the intersection first. If respondent's car actually entered the intersection before the appellants' stage approached it, respondent had the right to assume that she would be given the right of way and be permitted to pass through the intersection without danger of collision. (*Couchman* v. *Snelling, supra.*) The question is usually one of fact and becomes a question of law only when the evidence is of such a character that it will support no other legitimate inference. (*Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237 [116 Pac. 513].)

If the evidence in this case was such that it might reasonably be inferred therefrom that the defendant's car entered the intersection at a speed in excess of the speed which the law permitted under the circumstances, the question of whether such excess speed constituted or was the proximate or contributing cause of the collision was a question of fact which, under the circumstances, was to be determined by the court.

Appellant insists that the rule announced in the case of *Lindenbaum* v. *Barbour*, 213 Cal. —— [2 Pac. (2d) 161], is determinative of the question of contributory negligence

here. In that case the court had under consideration the power of the board of supervisors of San Bernardino County to pass an ordinance regulating the right of way of automobiles at intersections on those streets which have been designated as "Stop Boulevards" and have been clearly marked with sign-posts giving notice of such facts. The court held that the board of supervisors of San Bernardino County had the power to pass such an ordinance and that the same did not conflict with the provisions of the California Vehicle Act and that the right of way over the intersection under consideration in that case was controlled by the provisions of the county ordinance. The record here does not disclose the existence of a county ordinance regulating traffic on the intersection in question.

Appellant has submitted to this court a motion for an order authorizing and directing that additional testimony be taken in this case. This motion is denied on authority of *Tupman* v. *Haberkern*, 208 Cal. 256 [280 Pac. 970].

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 10, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 14, 1931.