[Civ. No. 10605. Second Appellate District, Division Two.—December 16, 1935.]

BESSIE KAPPER, Appellant, v. H. A. HARRIS et al., Respondents.

George N. Foster for Appellant.

Leonard E. Thomas and Alfred Testa for Respondents.

McCOMB, J., *pro tem.*—This is an appeal from a judgment in favor of respondent after a trial before a jury.

Viewing the evidence most favorable to respondent (*Demers v. Sutherland,* 117 Cal. App. 489, 493 [4 Pac. (2d) 187]), the facts in the instant case are:

Appellant stepped into a private driveway ten feet wide bounded on one side by an apartment house and on the other by a stone wall. She saw a 1929 Ford delivery truck owned by respondent at the south end of the driveway. Aware that the driveway was used by both pedestrians and vehicles, she started to walk in a northerly direction on it. The driver of the truck, after appellant entered the passageway and before backing in a northerly direction, started his motor, sounded his horn, and looked to the rear along the driver's side of the conveyance, but did not see appellant, as she was out of the range of his vision. Shortly thereafter the rear end of the truck struck appellant and she was injured.

Appellant relies for reversal of the judgment on two propositions:

*First:* There was not any substantial evidence to sustain the implied findings of the jury that:

(a) Respondent was not negligent in the operation of its truck.

(b) Appellant was guilty of contributory negligence.

*Second:* The trial court committed prejudicial error in instructing the jury as follows:

(a) "While it is the duty of the driver of a vehicle to look out for foot travelers, it is equally the duty of the foot travelers to use care before entering upon a driveway where vehicles frequently pass and repass, and see that they are not in immediate danger from the near approach of any of them.

"It is as much the duty of foot travelers attempting to cross the driveway or alleyway to look out for passing vehicles as it is the duty of drivers to see that they do not run over foot travelers.

"I instruct you that if you find that, at the time of the accident, defendant's agent, Wm. Groves, was driving his automobile in a negligent, reckless or careless manner, but if you also find that plaintiff was attempting to cross the alleyway in a negligent, reckless and careless manner, and that her said negligence, recklessness and carelessness proximately contributed in some way to the accident, you cannot attempt to determine which party was the most negligent, but your verdict must be for the defendant."

(b) "If you believe from the evidence introduced that the plaintiff, on leaving the El Royale Apartments, saw or should have seen the truck belonging to the defendant and located in the driveway, and if you believe from the evidence introduced that the plaintiff heard, or should have heard the starting up and running of the aforesaid truck, and if you believe from the evidence introduced that there was sufficient room and space between the west side of the truck and the east wall of the El Royale Apartments in the walk provided therefor for the plaintiff to have stood or traveled, but that on the other hand the plaintiff, through absentmindedness, forgetfulness, negligence or carelessness, proceeded to walk or stand in the driveway north of the said truck, you are then instructed that the plaintiff was guilty of contributory negligence and your verdict should be for the defendant."

■ Appellant's first proposition is answered by an unbroken line of decisions in this state holding negligence on the part of defendant and contributory negligence on the part of plaintiff questions of fact for determination by the trial jury, whose findings will not be disturbed by this court, if there is substantial evidence in support thereof.

An examination of the record in the instant case discloses substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the implied findings of the jury that (a) respondent was not negligent in the operation of its truck, and (b) appellant was guilty of contributory negligence. We therefore refrain from further discussion of the evidence. (*Leavens* v. *Pinkham & McKevitt*, 164 Cal. 242, 245 [128 Pac. 399] ; *Koeberle* v. *Hotchkiss*, 8 Cal. App. (2d) 634 [48 Pac. (2d) 104].)

■ The instruction set forth in paragraph (a) of appellant's second proposition is an accurate statement of the law. (*Niosi* v. *Empire Steam Laundry*, 117 Cal. 257, 260 [49 Pac. 185].) ■ Likewise the instruction included in paragraph (b) of appellant's second proposition is a correct statement of the principles of law embodied therein. (*Young* v. *Southern Pacific Co.*, 189 Cal. 746, 754 [210 Pac. 259].) Both instructions were based upon substantial evidence educed at the trial.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.