[Civ. No. 18952.   First Dist., Div. Two.   Nov. 18, 1960.]

DANIEL FINNEY, Respondent, v. MARY NEUMAN et al., Appellants.

Bronson, Bronson & McKinnon for Appellants.

Lewis & Fonnesbeck for Respondent.

McGOLDRICK, J. pro tem.*—This is an action against John and Mary Neuman, husband and wife, for personal injuries arising out of a collision between the person of plaintiff Daniel Finney and a motor vehicle driven by Mary Neuman. Plaintiff prayed judgment in the amount of $40,000 in general damages and $500 in lost earnings, and for additional special damages in accordance with the proof. The court subsequently granted plaintiff's motion to reduce the prayer of his complaint for general damages to $5,000 and to delete the prayer for loss of earnings. The jury found for plaintiff in the amount of $3,500 in general damages and $471 in special damages. The court ordered judgment in accordance with that verdict, and defendants moved for new trial, which motion was denied. Defendants now appeal from the judgment.

On the morning of July 2, 1957, at about 11:30 o'clock, respondent was walking northward along the west sidewalk

---

*Assigned by Chairman of Judicial Council.

of El Camino Real in Redwood City in the company of one Victoria Hunter. The weather was dry and clear. Mrs. Hunter was on respondent's right-hand side, and Raso's Market was on his left. Immediately north of the market is a parking lot, with diagonally marked spaces for automobiles alongside the building's north wall. North of this lot is an automobile service station, which is located on the southwest corner of an intersection. As respondent and Mrs. Hunter passed the north end of the store, Mrs. Hunter observed appellants' automobile, which was parked in the second stall from the sidewalk, the first being vacant. After continuing a few steps farther, respondent separated from Mrs. Hunter and entered the parking lot on a diagonal path toward the service station. The evidence is conflicting as to whether he did so with the intention of continuing in that direction, or of simply circumventing a light standard and returning to the sidewalk and Mrs. Hunter. In any event, at this juncture respondent was struck on the inside of his left knee by appellants' automobile as Mrs. Neuman was backing it northward from its stall.

Mrs. Neuman testified that although she had looked through both her rear and side windows, and at her outside rear-view mirror, and was looking at her center mirror as she backed, she had seen neither Mrs. Hunter nor plaintiff prior to the accident. Respondent testified that he had not looked to see if there were any parked cars in the lot. He stated that he had neither heard a motor, nor smelled exhaust, nor seen appellants' automobile prior to the impact. Mrs. Neuman testified that she had moved about 5 or 6 feet and was traveling at what she guessed to be about 4 miles per hour, with her foot on the brake, when her automobile struck respondent. Both Mrs. Neuman and respondent were familiar with the parking lot area from previous visits.

Appellants are not arguing for a reversal on the evidence but rather that the court committed errors both of commission and omission in its instructions to the jury, that since there was substantial conflict in the evidence as to liability, they contend these errors were prejudicial.

One of the instructions appellants assign as error is plaintiff's Number 13 where the court charged the jury: "If a party to this action violated the statute just read to you, a presumption arises that he was negligent. This presumption is not a conclusive one. It may be overcome by other evidence showing that under all the circumstances surrounding the event the conduct in question was excusable, justifiable,

and such as might reasonably have been expected from a person of ordinary prudence. . . ." The statute referred to in the instruction was never read to the jury, nor was a violation of a statute ever charged. The explanation for the giving of this instruction appears to be one of inadvertence on the part of the trial court since Instructions Number 11 and Number 12 were refused, both including quotations from sections of the Vehicle Code to which respondent must have intended the language of his Number 13 to refer. This instruction therefore was obviously inapplicable.

Appellants argue that the erroneous instruction "clearly" referred to appellant and that because of it the jury may well have entertained the presumption that she was negligent. Furthermore, they contend that the seriousness of this error was aggravated by the argument of respondent's counsel to the jury wherein he said, "If the judge instructs you that there has been a violation of the Vehicle Code, and this raises an inference of negligence, I would appreciate it if you follow the judge's instruction in that regard. . . ."

The cases of *Davenport* v. *Stratton*, 24 Cal.2d 232 [149 P.2d 4] and *Elm* v. *McKee*, 139 Cal.App.2d 353 [293 P.2d 827] stand for the proposition that it is prejudicial error to give an instruction which finds no support in the evidence and is calculated to mislead the jury. This is a correct statement of the law. [3] However, the latter part is an indivisible portion thereof, for "It is elementary that a reversal is not warranted unless it appears probable that a different result would have obtained but for the giving of the inapplicable instruction." (*Powell* v. *Bartmess*, 139 Cal.App. 2d 394 [294 P.2d 150].) Moreover the cases generally hold that the determination as to whether or not an erroneous instruction is prejudicial so as to justify the granting of a new trial is a matter which is within the trial court's discretion. (*Trelut* v. *Kazarian*, 110 Cal.App.2d 506 [243 P.2d 104]; *Huber* v. *Henry J. Kaiser Co.*, 71 Cal.App.2d 278, 286 [162 P.2d 693]; *Parker* v. *Womack*, 37 Cal.2d 116, 123 [230 P.2d 823].) Therefore where that question has been raised and answered on a motion for a new trial (as is true in the instant case), an appellate court cannot hold otherwise unless there has been an abuse of that discretion, i.e., unless the jury was misled to the prejudice of the appealing party as a matter of law.

There is nothing in the complained-of instruction or in those which precede or follow it, which indicates that it was

given in reference to appellant. It is not analogous to that in which the court actually quotes an inapplicable statute, for in such case the jury may be led to measure a party's conduct by the standard there set. (*Schaffer* v. *Claremont Country Club,* 168 Cal.App.2d 351 [336 P.2d 254, 337 P.2d 139].) Here the jury was told a presumption of negligence would arise if a party had violated a specific statute, but they were left in the dark as to the provisions of such statute, there was no possibility that they could apply its criteria to the facts before them. Appellants' contention that respondent's counsel's argument aggravated the situation is a non sequitur, inasmuch as the court did not supply the statute upon which it was based and it was further predicated upon the statement that ''. . . He may instruct you that by violating certain statutes, that in itself will raise an inference of negligence, and I hope you will follow his instructions. . . .''

Appellants also assign as error the giving of plaintiff's Instruction Number 27, which reads as follows:

''You are instructed that the defendant Neuman, the driver of the automobile, and the plaintiff, Finney, the pedestrian, were both chargeable with only the exercise of reasonable care under the circumstances; however, the amount of care required of the defendant Neuman as the driver of a motor vehicle along a public highway was far greater than the amount of care exacted from the plaintiff Finney, as a pedestrian. The driver of a motor vehicle is in charge of a dangerous instrumentality capable of inflicting serious and often fatal injuries, and for that reason he is charged by law with a greater amount of care than a pedestrian.''

They contend that since the accident here involved did not occur on a ''public highway,'' such instruction is inapplicable; that by so instructing, the court imposed upon appellant a standard of legal liability with which she should not be required to comply.

It is a well-recognized rule of law, that the term ''ordinary care'' is a relative one and the standard by which it is to be measured varies with the circumstances. Care must be in proportion to the danger to be avoided and the consequences which may reasonably be anticipated. (19 Cal. Jur. 579-581; 35 Cal.Jur.2d 713-714.) The care required in dealing with agencies that, because of their power or momentum, or for any other reason, are liable to do great injury, is very much greater than that which is required under other circumstances. (*Scott* v. *Mackey,* 159 Cal.App.2d 690 [324 P.2d 703].) In *McNear* v. *Pacific Greyhound*

*Lines,* 63 Cal.App.2d 11 [146 P.2d 34] the court states: "Both the driver and the pedestrian are bound to use the same degree of care. Each is bound to the duty of using the care of a person of ordinary prudence acting under the same or similar circumstances, but it is well settled that the amount or quantum of care necessary to reach the standard or degree of ordinary care is greater in the case of the operation of a motor vehicle than in the case of a pedestrian." Moreover in the case of *McNear* v. *Pacific Greyhound Lines, supra,* an attack was made on an instruction which was similar to the one in question here. The court said, however: "In describing a motor vehicle as a 'dangerous instrumentality, capable of inflicting serious and often fatal injuries,' the trial court was only expressing a fact undoubtedly already within the knowledge of every juror. . . . [T]he criticized instruction did no more than point up for the jury the accepted rule that in reaching the degree of ordinary care 'the care to be exercised in the use of any instrumentality is proportionate to the possibilities arising from its careless use.' "

Appellants find no fault with the application of this rule to persons on public highways. They urge however that it does not apply to drivers and pedestrians on private premises and maintain that in this instance their duties of care are equal. The authorities cited by appellants, viz., *Kapper* v. *Harris,* 10 Cal.App.2d 630 [52 P.2d 569] and *Huber* v. *Henry J. Kaiser Co., supra,* do not support their position. ▆▆▆ Rather the rule that the caution required in driving an automobile "must be adequate to that responsibility as related to all the surrounding circumstances" (*Cucinella* v. *Weston Biscuit Co.,* 42 Cal.2d 71, 76 [265 P.2d 513]) is as applicable to persons driving on private premises as to those on public highways. ▆▆▆ The use of the term "public highway" in the questioned instruction rather than in a market's parking lot, although factually inaccurate, does not detract from the accuracy of the rule herein expressed or from its applicability to appellants.

▆▆▆ The court refused defendants' Instructions Number 12 and Number 13. This is also assigned as error. The former, in substance, would have charged the jury that respondent was obligated to use ordinary care and that if his failure to do so contributed either directly or proximately to the happening of the accident, he could not recover. The latter reads as follows: "A duty rests on the plaintiff to look where he was going and to see that which was in plain sight in front of him.

It would be negligence on his part not to so use his faculties." A review of the record discloses no evidence that would indicate that plaintiff did not, at all times, look in the direction in which he was going, nor is there any evidence that defendants' car was ever "in plain sight in front of him" or in any position less than 90 degrees away therefrom.

While the requested instructions are correct legal principles, an examination of all the instructions given indicates that insofar as they are here applicable, the court actually gave comparable instructions, viz., it informed the jury of a person's right to assume normal faculties of another, and of their use by that person in the exercise of ordinary care for his own safety. It told them that the caution required of a pedestrian is measured by the danger or safety apparent to him or that would be apparent to a person of ordinary prudence in the same position. It gave an instruction that: "Where there is evidence to the effect that one . . . [looked] but did not see that which was in plain sight, or that he listened, but did not hear that which he could have heard in the exercise of ordinary care, it follows that either some part of such evidence is untrue or the person was negligently inattentive." It charged that "[a] pedestrian walking along a public highway should keep a lookout ahead for vehicles approaching from in front." Finally the court gave defendants' alternate Instruction Number 11, as required, in which was an accurate definition of contributory negligence and which included the statement: "It matters not how slightly or in what degree it contributes, provided it does contribute directly or proximately, to the injuries sustained." ▆▆▆ It has long been the established rule that where the jury is correctly instructed, a party cannot complain that the instructions were not couched in particular language. (*Pappas* v. *Bogard,* 167 Cal.App.2d 599, 603 [334 P.2d 947].) ▆▆▆ When all of the instructions attacked are read, no error appears that may be classified as prejudicial.

Article VI, section 4½ of the California Constitution provides as follows:

"No judgment shall be set aside, or new trial granted, in any case, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that

the error complained of has resulted in a miscarriage of justice.''

The burden of showing this result, that the misdirection of the jury resulted in a miscarriage of justice, rests on appellants. (*Cucinella* v. *Weston Biscuit Co., supra.*) Consideration of the entire cause as presented by the record falls short of leading us to the opinion that appellants have met this burden.

The judgment is affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 10, 1961.