[Civ. No. 20910.   First Dist., Div. One.   May 28, 1964.]

SYLVIA JEAN TANNYHILL et al., Plaintiffs and Appellants, v. PACIFIC MOTOR TRANSPORT COMPANY, Defendant and Respondent.

Berkley, Randall & Harvey and John J. Miller for Plaintiffs and Appellants.

Rickson, Snook & Vendt, W. Sayer Snook, Jr., and Richard G. Logan for Defendant and Respondent.

BRAY, P. J.—Plaintiffs appeal from judgment, after jury verdict, in favor of defendant.[1]

### QUESTIONS PRESENTED.

Propriety of instructions (a) on the presumption of negligence arising from a violation of section 22520, Vehicle Code, and (b) on contributory negligence.

[1]Plaintiffs also appeal from order denying new trial. As this order is nonappealable, it will have to be dismissed. The order is reviewable on this appeal.

RECORD.

Plaintiff Sylvia Jean Tannyhill is the wife of decedent Willie Maurice Tannyhill; plaintiff Troy Maurice Tannyhill is his minor son. They brought this action against defendant Pacific Motor Transport Company (hereinafter referred to as P.M.T.) for damages for the death of their husband and father, who was killed when a tractor-truck with two trailers owned by P.M.T. struck him as he stood on the shoulder of a freeway. Defendant's answer to plaintiffs' complaint alleged contributory negligence of the deceased.

About 7 p.m. on November 23, 1960, plaintiff Sylvia and Willie Tannyhill were driving on U.S. Highway 40 near the Carlson Boulevard off ramp near Richmond. Willie noticed an automobile parked on the shoulder off the main portion of the highway. He recognized it as belonging to a Mrs. Hattie Walker Boyd, who had been a member of the wedding party of himself and wife, some three months earlier. He drove some distance past the automobile, parked on the shoulder of the main portion of the highway, and walked back along the shoulder to aid the person who he thought was in the automobile. The car's left front tire was flat.

The only eyewitness to see him immediately before his death (Mrs. Tannyhill) testified that Tannyhill got out of their car on the driver's side, walked around the front of the car and proceeded back along the shoulder of the road to the passenger side of the Boyd automobile. She last saw him five minutes before the accident happened, standing next to that car on that side. The lights of that car caused her to lose further sight of him.

Mrs. Boyd returned to the scene sometime before the accident in an automobile driven by Mrs. Frances White whom she had asked for aid. Mrs. White parked her car on the shoulder behind the Boyd car. Neither Mrs. Boyd nor Mrs. White saw Tannyhill. Both the White and Boyd cars had their lights on. Shortly after the White car was parked it was struck by the first trailer of defendant's outfit and forced over the shoulder and the embankment which supports the highway. The "jack-knifing" tractor-truck then continued a skid which had begun before running off the roadway and came to rest after 299 feet of skid marks. Tannyhill's body was found under the right front wheels of the second trailer, face down, with his knees over the embankment and his legs extending toward the shoulder of the highway. The Boyd car was found at the front of the truck, it having been struck in

the rear and forced in an arcing manner back onto the traveled portion of the highway. The Tannyhill car was not involved in the accident.

At the trial, defendant introduced evidence that its employee truck driver, John A. Morgan, died of a heart attack on the night of the accident. The medical testimony concerning Morgan's condition will be discussed hereinafter.

INSTRUCTIONS (a) VIOLATION OF SECTION 22520, VEHICLE CODE.

■ The court read to the jury section 22520, Vehicle Code, leaving out subdivisions (b) and (c) (which admittedly are not applicable) and (e). That section read at the time of the accident: "No person shall stop, park, or leave standing any vehicle upon a freeway to which the owners of abutting lands have no right of easement of access except:

"(a) When necessary to avoid injury or damage to persons or property. . . .

"(d) Any vehicle which is so disabled that it is impossible to avoid temporarily stopping and any vehicle which has been summoned to render assistance to a vehicle or person. . . ."

The court then instructed that if "defendants violated the statutes just read to you, a presumption arises that they were negligent. This presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable or justifiable." The court then instructed as to the method of determining if the violation was excusable or justifiable.

Although the court in instructing on the effect of the violation of this statute made no reference to Tannyhill, but confined the instruction to stating that if "defendants" violated the "statutes" such violation would constitute negligence, it is obvious that the statute designated could only have applied to Tannyhill, because defendant's driver did not park or attempt to park. Because the statute could only have applied to Tannyhill, it is reasonable to expect that the jury would believe that the court was telling them that Tannyhill's parking had something to do with the accident. Again, the court not having said what the effect of Tannyhill's violating the statute would be or that the violation might be excusable as it said what a violation by *"defendants"* could be, the jury could have assumed that the statute constituted a complete violation of the law, and again, that

that violation had something to do with the accident. At oral argument, defendant conceded that the effect of the instruction was as if the court had instructed that a violation of the statute by Tannyhill without excuse would have raised a presumption of negligence by Tannyhill.

Plaintiffs claim that there was no evidence to justify the giving of this instruction and that it was prejudicial error to give it. We can find no justification for giving it. Assuming, *arguendo*, that Tannyhill violated the statute in parking his car on the shoulder and hence was presumptively negligent[2] there was nothing in the evidence to indicate that this act of parking contributed proximately to the accident. Had Tannyhill parked completely outside the freeway the accident would have happened just the same. It was not the presence of the Tannyhill car near the place where the accident happened that contributed in any way to its happening, but Tannyhill's personal presence at the point of the accident which was a contributing feature.

■ "Even though an instruction is couched in proper language it is improper, if it finds no support in the evidence, and the giving of it constitutes prejudicial error if it is calculated to mislead the jury." (*Davenport* v. *Stratton*, 24 Cal.2d 232, 254 [149 P.2d 4]; see also *Elm* v. *McKee* (1956) 139 Cal.App.2d 353, 359 [293 P.2d 827]; *Staggs* v. *Atchison, Topeka & S.F. Ry. Co.* (1955) 135 Cal.App.2d 492, 503 [287 P.2d 817], hearing denied; *Finney* v. *Neuman* (1960) 186 Cal.App.2d 463 [9 Cal.Rptr. 331], hearing denied; *Untalan* v. *Glass* (1961) 190 Cal.App.2d 474, 477 [12 Cal. Rptr. 1]; *Wilkinson* v. *Southern Pacific Co.* (1964) 224 Cal. App.2d 478, 481 et seq. [36 Cal.Rptr. 689].)

At oral argument defendant attempted to justify the giving of the instruction on a rather specious contention. It pointed out that the highway patrolman testified that because of a dip in the freeway and a curve to the left a driver on the highway approaching the scene of the accident who is not watching the delineating marks or broken white lines on the roadway could get an impression that the macadam shoulder appeared to be a driving lane. Defendant's doctor testified

_____

[2]Plaintiffs also claim error in the failure of the court to call the jury's attention to subdivision (e) of section 22520, "(e) In locations where stopping, standing or parking is specifically permitted," contending that this justified Tannyhill, under the circumstances, in parking on the shoulder. However, there does not appear to be any evidence in the case which would justify a finding that parking here is "specifically permitted."

that a sudden appearance of danger might cause the defendant's driver to have a heart attack. Therefore, says defendant, the driver could have believed that Tannyhill's car was stopped in the driver's lane ahead of him, which belief could have "triggered" the heart attack. This is a rather ingenious theory, which could only be based upon surmise and conjecture. As the truck driver approached the scene of the accident there were two cars on the shoulder between him and the Tannyhill car. The evidence does not disclose exactly how far the Tannyhill car was parked ahead of the Boyd car. The only evidence on the subject is Mrs. Tannyhill's testimony that it was "quite a distance." Defendant's farfetched theory in this respect could not justify the giving of the instruction.

Defendant contends that the fact that neither Mrs. Boyd nor Mrs. White who were were sitting in the White car for from two to five minutes before the accident occurred, did not see Tannyhill, would justify a finding that he had moved from his position alongside the Boyd car and was standing in the traveled portion of the freeway when hit. This is a non sequitur. Mrs. Boyd testified that she was looking at the children in the White car and did not look towards the Boyd car. Mrs. White testified that she and the children and Mrs. Boyd were conversing and laughing about Mrs. Boyd's car; that she looked ahead but did not see deceased. Even though the lights of the White car showed the Boyd car ahead, there is no evidence that they illuminated the area around the front right side of the Boyd car, the area in which Tannyhill was standing, nor that Mrs. White looked in that area. Even if he had moved, there is no evidence that he moved away from the protection of the car and out into the roadway. The failure of these witnesses who apparently did not pay much attention to the situation ahead of them, to see him could not rebut the presumption of due care. Defendant desires that an inference be drawn from the absence of evidence rather than from evidence.

The very giving of the instruction indicated to the jury that the court considered that Tannyhill had violated the statute, because the only exceptions it read to the jury—subdivisions (a) and (d)—did not apply to the facts of this case. It stated that unless the jury found that Tannyhill in so parking did what might reasonably be expected of a person of ordinary prudence who desired to comply with the law would have done under the circumstances, he was negligent. The jury

would then assume that in such event the negligence must have somehow contributed to the accident; otherwise the court would not have instructed on the subject.

Thus, the question for us to determine is whether the error in giving the instruction could have misled the jury.

### (b) Contributory Negligence.

Plaintiffs contend that the evidence did not support the giving of instructions on contributory negligence.[3]

As we have pointed out, the parking of the Tannyhill automobile on the shoulder could not have proximately contributed to the accident, so that fact could not support the giving of the contributory negligence instructions.

Boiled down, the question becomes, could it have been held to be contributory negligence for a person to stand, under the circumstances here of waiting to be of assistance to a friend in distress, on the edge of the shoulder of a freeway protected from traffic on the freeway by the car by the side of which he was standing parked upon the shoulder. Tannyhill is entitled to the presumption of due care so it must be assumed that when hit he was in no more dangerous position than that in which he was last seen to be.

If reasonable minds can differ on whether or not Tannyhill was negligent in standing there, then his contributory negligence became a jury question and the court was entitled to so instruct. On the other hand, if reasonable minds could not differ on the subject and would hold the action not to be a negligent one, then the court should not have instructed on the subject.

At the time of the accident there was no statute or regulation prohibiting a pedestrian from being on the shoulder of the freeway. Nor can any person reasonably say that it was negligence for Tannyhill to stand alongside the Boyd car on the shoulder opposite from the traveled portion of the highway. Tannyhill was well within his rights to be there waiting for Mrs. Boyd to return to offer her assistance.

Nor was there any evidence that at the time of the accident he was in any different position. The fact that the left front tire of the Boyd car was flat, and that none of the occupants of the White car saw Tannyhill, even though the lights of that car were on, and that the White car was sitting there for several minutes prior to the accident, could not raise an in-

---

[3]No objection is made as to the form of the contributory negligence instructions, but only as to their applicability.

ference that Tannyhill was on or immediately adjacent to the traveled portion of the highway, to overcome the presumption of due care and the fact that he was last seen on the shoulder with the Boyd car between him and the traveled portion of the highway.

In *Pierce* v. *Black* (1955) 131 Cal.App.2d 521 [280 P.2d 913] (hearing denied), the plaintiff was standing on a curb. The defendant entered his car from the curb side. He stepped on the starter without closing the door through which he had entered. The car was in reverse and lurched backward catching the plaintiff on the inside of the door, and injuring him. The defendant contended that the plaintiff saw him enter the car and turn the key and begin to start the car, and that the plaintiff, who was in the process of entering the car, was contributorily negligent in not having asked the defendant to wait to start the car until he could get in, or in not moving away from the door when he saw the defendant turn the ignition key. As to this the court said (p. 528) : ''Even if it be assumed that plaintiff saw defendant turn the key, there is nothing to suggest that he knew the car was in reverse or that defendant would step on the starter before he was in the car and while the door was still open. Furthermore, since defendant's car could not be started in its then condition without violating a duty imposed by section 543 of the Vehicle Code, plaintiff was entitled to assume that he was not exposed to danger for 'The general rule is that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise it is not negligence to assume that he is not exposed to danger which comes to him only from the violation of law or duty by such other person.' (*Harris* v. *Johnson, supra,* p. 58 [174 Cal. 55 (161 P. 1155, Ann. Cas. 1918E 560, L.R.A. 1917C 477)].) There was here no reasonable basis for plaintiff to even suspect that defendant would start his car before plaintiff could get in and while it was in reverse. Hence there is no basis for an inference that plaintiff was contributively negligent under defendant's testimony.''

In our case there is no reasonable basis for Tannyhill to even suspect that a vehicle would come off the traveled portion of the highway and run into him and the car alongside of which he was standing. (See *Hom* v. *Clark* (1963) 221 Cal.App.2d 622, 659 [35 Cal.Rptr. 11].)

In *Weeks* v. *Raper* (1956) 139 Cal.App.2d 737, 740-742 [294 P.2d 178] (hearing denied) the plaintiff wife was driv-

ing along a two-lane road at about 2 a.m. The defendant, proceeding behind her, gradually overtook her. When the cars reached a straight stretch the defendant started to pass. About halfway around plaintiffs' car the defendant discovered an obstruction in his lane. In order to avoid it, he swerved to the right, colliding slightly with the plaintiffs' car, causing it to hit a telephone pole and injuring the plaintiffs. The plaintiffs knew of the obstruction but the defendant did not prior to the time he observed it after starting to pass plaintiffs' car. Judgment for the defendant was reversed on the ground that it was prejudicial error to have submitted the issue of the plaintiffs' contributory negligence to the jury.

In *Ramos* v. *Linggi* (1954) 125 Cal.App.2d 632, 633-634 [270 P.2d 857) (hearing denied) the plaintiff was proceeding south along a two-lane road. One Mrs. Bohannon was proceeding north and stopped to pick up a passenger. When she stopped, the defendant truck driver who had been following Mrs. Bohannon put on his brakes and skidded over the center line, striking the plaintiff's car. The judgment for the defendant was reversed on the ground that there was no evidence of contributory negligence as a matter of law, the court saying that there was no evidence that the plaintiff in any way contributed to the collision. ''[T]he driver was entitled to rely on the presumption that the other drivers would not be negligent in the operation of their vehicles. [Citations.]'' (Pp. 635-636.)

It was prejudicial error to give the instruction on contributory negligence.

Plaintiffs correctly contend that as a tractor-truck and trailers do not ordinarily ''jack-knife'' and go off the traveled portion of the highway unless there is negligence, the doctrine of res ipsa loquitur applies here. Defendant does not dispute this. (See *Barrera* v. *De La Torre* (1957) 48 Cal.2d 166 [308 P.2d 724].) Under this doctrine there arose an inference of negligence on the part of defendant which it was required to rebut. To meet that burden defendant contended that the cause of the accident was a sudden heart attack of the driver of the truck. ▮ What we said in *Ford* v. *Carew & English* (1948) 89 Cal.App.2d 199, 203 [200 P.2d 828], concerning the driver's attack there, applies here: ''California has approved the rule of *Cohen* v. *Petty*, 65 F.2d 820, that as between an innocent passenger and an innocent fainting driver, the former must suffer. (*Waters* v. *Pacific Coast Dairy, Inc.*, 55 Cal.App.2d 789 [131 P.2d 588].)''

█ Plaintiffs contend that as a matter of law defendant did not meet this burden. For the purpose of determining this issue it must be presumed that the jury found that the accident was caused by the driver's heart attack immediately before the truck went out of control. If the evidence on this issue is conflicting, then, of course, this court is bound by the jury's determination. On the other hand, if, as plaintiffs contend, the evidence on this subject points "irresistibly to but one reasonable conclusion, then the issues of negligence and contributory negligence become questions of law." (*Pierce* v. *Black, supra,* 131 Cal.App.2d 521, 525.)

A study of the transcript reveals that the evidence on this subject is conflicting. There is medical evidence which would support a finding that the heart attack occurred before the accident and medical evidence which would support a finding that it did not occur until the accident happened.

█ "Medical witnesses need not testify positively to support a finding of proximate cause. Their opinion of the probabilities is sufficient for that purpose. (*Travelers Ins. Co.* v. *Industrial Acc. Com.,* 33 Cal.2d 685 [203 P.2d 747]; cf. *Ostertag* v. *Bethlehem etc. Corp.,* 65 Cal.App.2d 795, 806-807 [151 P.2d 647].)" (*Robison* v. *Leigh* (1957) 153 Cal.App.2d 730, 732 [315 P.2d 42]; see also *Francis* v. *Sauve* (1963) 222 Cal.App.2d 102, 117-118 [34 Cal.Rptr. 754].)

█ We have no way of knowing whether the jury's verdict was based upon a determination that defendant's driver was not negligent but that Tannyhill was, or that both parties were negligent. For that reason the error in giving the aforementioned instructions was serious and prejudicial error.

The motion for new trial should have been granted because of the error in giving the instructions hereinbefore discussed. The appeal from the order denying new trial is dismissed and the judgment is reversed. Plaintiffs will recover costs.

Sullivan, J., and Molinari, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 22, 1964.